[No. 14985. Department Two.— August 31, 1893.]

EDWARD PEARSON, RESPONDENT, v. THE DROBAZ FISHING COMPANY ET AL., APPELLANTS.

VACATION OF JUDGMENT— EXCUSABLE NEGLECT— ABSENCE FROM TRIAL— INSUFFICIENT COUNTER-AFFIDAVIT— ABUSE OF DISCRETION.— Where a case was placed upon the calendar for trial shortly after issue joined, and stood number seven on the calendar upon the day on which it was set, and when the calendar was called on the morning of the day set for the trial thereof, the defendants' attorney, thinking the case would not be reached for trial until the next day, and having business in another court, was not present, but he had some one answer "ready" to the call of the case, and the six preceding cases were at once continued or otherwise disposed of, and thereupon in the absence of the defendants and their attorney, the plaintiff was called as a witness and the case was thereupon submitted and judgment given in favor of the plaintiff, and the attorney for the defendants, upon being informed of the trial and judgment about eleven o'clock of the same day, immediately called upon the plaintiff's attorney for a stipulation setting aside the judgment, upon a refusal of which he at once made an affidavit setting out the facts to show that the judgment was taken through the defendants' mistake, inadvertence, and surprise, and an order was made on the afternoon of the same day requiring the plaintiff to show cause why the judgment should not be set aside, an affidavit by the plaintiff filed two days thereafter stating that his witnesses had gone and he did not know their whereabouts, is not a sufficient answer to the motion, and the refusal of the court to set aside the judgment was an abuse of its discretion.

ID.— TRIAL UPON MERITS TO BE FAVORED— CONDITION— APPLICATION OF JUDGMENT.— Applications for the setting aside of judgments procured without a trial of the case by the adverse party, are addressed to the sound legal discretion of the court, and should be disposed of by it as substantial justice may require, and this result will be best attained by a trial upon the merits, and neither of the parties should be deprived of such a trial, except when guilty of inexcusable negligence, and doubts should be resolved in favor of the application, though its allowance should be upon terms and conditions imposed upon the party in default, as the circumstances may warrant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing to vacate a judgment.

The facts are stated in the opinion of the court.

*A. Ruef,* for Appellants.

The court abused its discretion in refusing to set aside the judgment. (*Watson v. San Francisco etc. R. R. Co.,* 41 Cal. 17.) To the same effect are the following cases: *Wolff v. Canadian Pacific R'y,* 89 Cal. 332; *Malone v. Big Flat G. M. Co.,* 93 Cal. 384; *Buell v. Emerich,* 85 Cal. 116; *Ward v. Clay,* 82 Cal. 502; *Lodtman v. Schluter,* 71 Cal. 94; *Cameron v. Carroll,* 67 Cal. 500; *Dougherty v. Nevada Bank,* 68 Cal.

275; *Hitchcock* v. *McElrath*, 69 Cal. 634; *Blackwood* v. *Cutting Packing Co.*, 71 Cal. 465; *Huart* v. *Goyeneche*, 56 Cal. 429; *Freeman* v. *Brown*, 55 Cal. 465; *Reidy* v. *Scott*, 53 Cal. 69. Where an attorney has reason to suppose that the case would not be taken up for trial at the time it was, the court should set aside a default entered against his client. (*Cameron* v. *Carroll*, 67 Cal. 500. See also *Dodge* v. *Ridenour*, 62 Cal. 263; *Reidy* v. *Scott*, 53 Cal. 69; *Malone* v. *Big Flat G. M. Co.*, 93 Cal. 384.)

*Henry H. Davis*, for Respondent.

Applications to set aside defaults are addressed to the sound, legal discretion of the trial court, and if granted or denied, the orders are never disturbed by the appellate court, *except in cases of gross abuse*. (*Chamberlin* v. *County of Del Norte*, 77 Cal. 150; *Dougherty* v. *Nevada Bank*, 68 Cal. 275; *Mulholland* v. *Heyneman*, 19 Cal. 605; *Woodward* v. *Backus*, 20 Cal. 137; *Sweet* v. *Burdett*, 40 Cal. 97–101; *Coleman* v. *Rankin*, 37 Cal. 247; *Howe* v. *Independence etc. Co.*, 29 Cal. 72; *Roland* v. *Kreyenhagen*, 18 Cal. 455.) This court will not review the action of the court below, in refusing to set aside the judgment, because of the absence of the attorney for defendants. (*Haight* v. *Green*, 19 Cal. 113; *O'Connor* v. *Ellmaker*, 83 Cal. 452; *Mulholland* v. *Heyneman*, 19 Cal. 605.)

The COURT. — The plaintiff commenced this action in the superior court of the city and county of San Francisco, to recover the sum of $382.25 alleged to be due for work, labor, and services rendered and performed by him for defendants at their special instance and request. The complaint was filed July 15, 1891, and on the 25th of the same month the defendants answered thereto denying that the defendants, or any of them, were indebted to the plaintiff in the sum named, or in any other sum, for work, labor, and services, or otherwise, or that the said sum, or any portion thereof, was due and payable from defendants, or either of them, to the plaintiff. Shortly after the answer was filed the case was placed on the trial calendar of Department Six of the court, and on October 6, 1891, it stood for trial as number 7 on that calendar. When the calendar was

called on the morning of the last-named day, the defendants' attorney, thinking the case would not be reached for trial until the next day and having business in another court, was not present, but he had some one answer for him to the call of the case "ready." The six cases preceding this one were at once continued or otherwise disposed of, and thereupon in the absence of the defendants and their attorney, the plaintiff was called and examined as a witness in his own behalf, and the case was then submitted and judgment given in his favor for the amount demanded in the complaint. The attorney for defendants was informed of the trial and judgment about eleven o'clock of the same day, and at about the same hour called upon the attorney for the plaintiff and requested him to stipulate that the judgment should be set aside, which request was refused, and thereupon he at once made an affidavit setting out facts to show that the judgment was taken against defendants through their mistake, inadvertence, and surprise. On this affidavit an order was made by the court on the afternoon of the day the judgment was rendered, requiring the plaintiff to show cause on the ninth day of the same month why the judgment should not be set aside and the defendants allowed to present evidence in support of the issues raised by their answer. At the time appointed the motion to set aside the judgment came on regularly for hearing before the court, and was submitted upon affidavits filed by the respective parties and the judgment roll in the case. The plaintiff in his affidavit stated that some of his witnesses were sea-faring men and had left the city of San Francisco, and that their whereabouts was unknown, and that to the best of his belief he would not be able to find them again. Thereafter, on December 1, 1891, the court denied the motion, and the defendants excepted to the ruling. From the judgment entered and the order denying their motion the defendants appeal.

It is contended in support of the appeal that, upon the facts shown, the court below should have set aside the judgment, and that its refusal to do so was not a proper exercise of its discretion, and we think it must be so held. There was undoubtedly negligence upon the part of the attorney for the defendants, but it was not inexcusable negligence under the circumstances here appearing. It is apparent that the defendants were not seek-

ing to delay the trial. The application to set aside the judgment was made almost immediately after its rendition, and in all probability before it was actually entered. The plaintiff had notice of the fact that the application would be made. This being so, his affidavit, made two days thereafter, that his witnesses had gone and their whereabouts unknown, ought not to have been deemed a sufficient answer to the motion. Courts are established for the purpose of administering justice in controversies between parties, and this result will be generally best attained by a trial upon the merits, and neither of the parties should be deprived of such a trial except when guilty of inexcusable negligence, and we do not think such a degree of negligence appears here. "Applications of this character," said this court in *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 20, in passing upon an appeal from an order opening a default, "are addressed to the discretion — the legal discretion — of the court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined by its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application. In connection with its allowance, terms and conditions ought generally to be imposed upon the party in default, which, of course, should be more or less severe as the particular circumstances would seem to warrant."

The application of the rule thus stated to the facts of this case must result in the reversal of the order.

Judgment and order reversed.