## VERMONT MARBLE CO. v. BLACK.

### No. 15,591; December 7, 1894.

#### 38 Pac. 512.

**Judgment by Default.**—While a Motion to Open a Default is addressed largely to the discretion of the court, all doubts should be resolved in favor of the application; and, where the circumstances lead the court to hesitate as to the merits of the application, an order denying such a motion will be reversed on appeal.[1]

APPEAL from Superior Court, City and County of San Francisco; W. H. Levy, Judge.

Action by Vermont Marble Company against William Black. Judgment by default was rendered for plaintiff. After defendant's death, Annie Black, his administratrix, moved to open the default, and from an order denying her motion she appeals. Reversed.

Geo. C. Sargent for appellant; F. Wm. Reade for respondent.

PER CURIAM.—The respondent commenced this action against William Black in the superior court of the city and county of San Francisco on May 6, 1893, and on the same day summons was issued and personally served upon him in said city. No appearance by or on behalf of Black was made, and on May 31st a judgment by default was entered against him. On June 5, 1893, he died, and thereafter the appellant, Annie Black, the surviving wife of deceased, was duly appointed administratrix of his estate. On July 14th, upon suggestion of the death of Black, appellant, as such administratrix, was, by an order of the court, substituted as defendant in his place; and thereafter, on the twenty-second day of the same month, she served notice upon the respondent that she would on a day named move the court to vacate and set aside the said judgment by default, upon the ground that it was taken against said deceased through his excusable neglect.

---

1 **Cited** in Vermont Marble Co. v. Black, 123 Cal. 22, 55 Pac. 599, as part of the history of the case, the latter being a second appeal.

At the hearing of the motion, appellant produced and read several affidavits, including an affidavit of merits, and presented a verified answer. The respondent also read several counter-affidavits. The motion was submitted upon the judgment-roll and the affidavits read by the respective parties, and denied by the court, and from that order this appeal is prosecuted.

It is settled law in this state that applications of this kind are addressed largely to the legal discretion of the trial court, and that the exercise of that discretion ought to tend in a reasonable degree, at least, to bring about a judgment on the merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application: Watson v. Railroad Co., 41 Cal. 17; Pearson v. Fishing Co., 99 Cal. 425, 34 Pac. 76. The affidavits read by appellant, if true, clearly establish the fact that the original defendant, William Black, from the time summons was served upon him till he died, was diseased in mind and body, and unable to attend rationally to any business. It is true that many of the facts stated in those affidavits are controverted by the counter-affidavits; but, after carefully reading all the affidavits, we are satisfied that the circumstances were such as to lead any court to hesitate, and, this being so, we think the doubt should have been resolved in favor of the application. As the order must be reversed, it is not necessary to consider the question as to whether the court erred in sustaining the objection of respondent to the affidavit of Dr. C. N. Ellinwood, the physician who attended upon said Black during his illness. The order is reversed and the cause remanded, with directions to the court below to set aside the judgment and allow appellant to file her answer to the complaint.

### ON MOTION FOR REHEARING.

### January 4, 1895.

PER CURIAM.—Rehearing denied. We are asked, in case of denial of a rehearing, at least to modify our judgment so as to direct the imposition of terms upon the open-

ing of the default. This, however, is a matter for the superior court, and there is nothing in our decision to prevent the imposition of such reasonable terms as may seem proper.