## ANACONDA MINING COMPANY, Appellant, v. SAILE, Respondent.

[Submitted April 3, 1895.   Decided April 8, 1895.]

Default—*Vacation of judgment by—Excusable negligence.*—The defendant's attorney was informed by the clerk that no business would be transacted by the court until after a certain date, and, relying upon this statement, the attorney did not appear until such date, when he ascertained that his pending demurrer had been overruled, and a default entered. *Held,* that the court below did not err in holding that the negligence of the defendant was excusable, and the default was properly opened. (*City of Helena* v. *Brule,* 15 Mont. 429, distinguished.)

Same—*Condition of opening default—Statute of limitations.*—In opening a default against the defendant upon the ground of his excusable negligence, a denial of the plaintiff's request to impose as a condition that the defendant should not be allowed to plead the statute of limitations is not error.

*Appeal from Third Judicial District, Deer Lodge County.*

Ejectment.   Judgment against defendant by default was set aside by Brantley, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

The defendant's demurrer to the plaintiff's complaint was submitted to the court, and overruled October 8, 1892. Defendant was granted ten days to answer.   No answer was filed. Default was entered October 20th, and judgment was rendered for plaintiff, November 26th.   Defendant moved to set aside the judgment and the default.   The motion was granted. Plaintiff appeals.   The motion was on the ground of mistake, surprise, and excusable neglect.   An answer was also tendered with the motion.   Defendant's attorney, F. Adkinson, upon the motion, filed his affidavit, by which it appeared that on September 30, 1892, attorney Adkinson went to the clerk's office in the town of Deer Lodge, where the court was held, at which time and place he ascertained that the demurrer was still pending, and the clerk informed him that no business would be transacted by the court until after the general election, which was to be held in November, and that he (the clerk) was then

preparing notices to send to jurors that their attendance would not be required until November 14th.    Said attorney Adkinson, depending upon this information, did not then further appear in the case until after the default.    In opposition to the motion, the clerk filed his affidavit, in which he admits that he stated to said Adkinson that there would be no business in said court until after November 14th.    The clerk said that he did not state that there would be no motions or demurrers until after November 14th, and he did not intend or suppose that he was conveying the idea to Adkinson that no demurrers would be heard.    With the motion defendant tendered an answer.    The action was in the nature of ejectment.    The answer denied the allegations of the complaint, and further pleaded the statute of limitations.    The plaintiff requested that, if the default were opened, the court impose as a condition that the defendant be not allowed to plead the statute of limitations.    The court refused to impose this condition, and opened the default generally, upon payment of the costs.

*George B. Winston, M. Kirkpatrick* and *W. W. Dixon,* for Appellant.

The court erred in granting the motion and in not imposing as a condition of the granting of the motion that the defendant should not plead the statute of limitations.    (*Hawes* v. *Hoyt,* 2 How. Pr. 454; *Sheets* v. *Baldwin,* 12 Ohio, 120; *Newsome's Administration,* 18 Ohio, 240; *Cook* v. *Spears,* 2 Cal. 409; 56 Am. Dec. 348; *Daly* v. *Russ,* 86 Cal. 114; *Haines* v. *Lytle,* 4 West. L. J., 1; *Pennington* v. *Gibson,* 6 Ark., 447; *Perkins* v. *Burbank,* 2 Mass., 81; *Fox* v. *Baker,* 2 Wend., 244; *Jackson* v. *Varick,* 2 Wend., 294; *Beach* v. *Fulton Bank,* 3 Wend., 573.)    The affidavit of one of the attorneys for the defendant states that it was impossible to prepare the answer sooner than it was prepared, owing to the fact that the examination of certain records was necessary before answer could be made, but is no excuse for not answering. (*Bailey* v. *Taaffe,* 29 Cal., 423.)    The defendant in his affi-

davit states that he is not familiar with our language, but admits that he knew that suit had been brought against him. This is not sufficient excuse for setting aside a default. (*Heisterhogen* v. *Gorlond*, 10 Mo. 66.) The defendant cannot plead that his attorney was neglectful and not he, for the neglect of his attorney is his own neglect. (Freeman on Judgments, 3d Ed. 112; *Spaulding* v. *Thompson*, 12 Ind. 477; 74 Am. Dec. 221; *Thielman* v. *Burg*, 73 Ill. 293; *Harper* v. *Mallory*, 4 Nev. 447; *Brumbaugh* v. *Stockman*, 83 Ind. 583; *Ordway* v. *Suchard*, 31 Iowa 481; *Welch* v. *Challen*, 31 Kan. 696; *Farrant Co.* v. *Lively*, 25 Tex. Supp. 399; *Foster* v. *Jones*, 1 McCord 116.)

*F. Adkinson* and *Brazelton & Scharnikow*, for Respondent.

Under the belief that the court has postponed all business until the 14th of November, the defendant's attorney did not further attend the court until after the default was entered. We insist that this was not negligence, but clearly a case where the attorney was misled. (Freeman on Judgments, 4th Ed. 113; *Cruse* v. *Cunningham*, 79 Ind. 402; *Sanders* v. *Hall*, 37 Kan. 271; *Simmons* v. *Church*, 3 Iowa 284; *Jean* v. *Hennessy*, 74 Iowa, 348; *Beunovista Co.* v. *Iowa Falls R. R. Co.*, 49 Iowa 657; *Branch* v. *Walker*, 92 N. C. 87; *Weil* v. *Woodard*, 104 N. C. 94; *Heardt* v. *McAllister*, 9 Mont. 405; *Jensen* v. *Barbour*, 12 Mont. 566.) No case can be found that goes to the extent that under no state of facts will a judgment be opened to allow the defense of the statute of limitations to be interposed, and the tendency of the later authorities is to place the statute upon the same footing as any other legal defense. (Freeman on Judgments 4th Ed. § 108; *Herman* v. *Rinker*, 106 Pa. St. 121; *Gossong* v. *Rossar*, 112 Pa. St. 197; *Ellinger's Appeal*, 114 Pa. St. 505; *Mitchell* v. *Campbell*, 14 Ore. 454; *Gourlay* v. *Hutton*, 10 Wend. 515.) In one case a default was set aside and the defendant was permitted to plead usury. (*Allen* v. *Mapes*, 20 Wend. 633.) The cases cited by the appellant are nearly all old and are not followed by the later de-

cisions.   The case of *Fox* v. *Barker*, 2 Wend. 244, has been overruled in *Lovett* v. *Cowman*, 6 Hill 226; *Jackson* v. *Varick*, 2 Wend. 294, is not in point, and the same may be said of *Beach* v. *Fulton Bank*, 3 Wend. 573.

DE WITT, J.—We are of opinion that the district court did not err in holding that the negligence of defendent was excusable.   The defendant alleges—and it is not denied—that the clerk told him on September 30th that there would be no business transacted by the court until November 14th.   Hearing a demurrer was business of the court.   The clerk modified his statement by saying, further, in his affidavit, that he did not intend to convey the idea that no demurrers would be heard. But the fact is that he said that no business would be done, and the idea certainly was conveyed to Mr. Adkinson that hearing demurrers was a part of the business which would not be transacted until after November 14th.   Long prior to November 14th the demurrer was heard and overruled, and defendant's default entered.   We think Adkinson was excusable in relying upon the information which the clerk gave him. The clerk was the ministerial officer of the court.   We think that an attorney had perfect right to rely upon the statement of such a court officer that no business would be done until a certain time.   It is not as if this information came from a sheriff, or a bailiff, or some attendant upon the court.   The clerk had the records of the court, and knew its business.   It is not, as suggested by appellant, as if the clerk had told an attorney that the court would take a certain action in a case, that he would overrule or sustain a demurrer, or do some other judicial act.   Perhaps an attorney would not be excused in relying upon the statement of the clerk as to some judicial act which the court was to do, but he certainly was justified in relying upon the statement of the clerk simply that no business was to be transacted by the court.   We do not think that an attorney could ordinarily be expected to go further, and inquire of the judge as to such a matter, which was surely reasonably within the knowledge of the clerk.

This case is readily distinguishable from *City of Helena* v. *Brule*, 15 Mont. 429. In that case the attorney had no apology whatever for his negligence. He simply ·stated that he was not advised as to the ruling upon his demurrer. It did not appear that it was any one's duty to advise him.

It has been suggested in this case that defendant's attorney was inexcusably negligent, in that on the 30th of September he did not withdraw his demurrer, and file an answer, for the reason that it appears there was no merit to his demurrer. It is probably true that the demurrer was not well taken, for, if it had been, defendant would doubtless have appealed from the judgment entered after overruling his demurrer. But we cannot say that it was negligence not to withdraw the demurrer, and file an answer, on September 30th. It certainly is. a practice not to be commended to file frivolous demurrers, but no penalty heretofore has ever been imposed by statute or by practice upon such action. We cannot say that, in considera- tion of the law and practice in that respect, it was negligence not to withdraw an unmeritorious demurrer, as long as the party had the right under the law to file it,· and have it remain on record until disposed of by an order of the court in the or- dinary course of practice.

Again, it is urged that the court erred in opening the de- fault without imposing the terms that the defendant should not be allowed to plead the statute of limitations. It is argued by appellant that, as the defendant is asking to be relieved from his own negligence, he should not be allowed to hold plaintiff to the results of its negligence by virtue of its not commencing its action within the period of the statute of limi tations. But defendant's negligence, we have determined, was excusable, while as to whether the plaintiff's negligence in letting the statute of limitations run, was excusable, is not a question.

The statute of limitations is a defense to which all men are entitled as a right. The views of courts, since statutes of limitation were first considered, have changed. Originally, it

was regarded as a statute of repose, and not one of presumption. This view changed, and the statute was regarded as one of presumption, and not of repose. The views changed again, the modern doctrine is that it is a statute of repose. (3 Parsons on Contracts c. 6.) We quote from that chapter as follows: "And at length, through a series of decisions, going to show that the statute is intended for the relief and quiet of defendants, the law reached the conclusion justly and forcibly expressed by Mr. Justice Story in the case to which we have before referred. He says: 'I consider the statute of limitations a highly beneficial statute, and entitled, as such, to receive, if not a liberal, at least a reasonable construction, in furtherance of its manifest object. It is a statute of repose, the object of which is to suppress fraudulent and stale claims from springing up at great distances of time, and surprising the parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time or the defective memory or death or removal of witnesses. The defense, therefore, which it puts forth, is an honorable defense, which does not seek to avoid the payment of just claims or demands, admitted now to be due, but which encounters, in the only practicable manner, such as are ancient and unacknowledged, and whatever may have been their original validity, such as are now beyond the power of the party to meet with all the proper vouchers and evidence to repel them. The natural presumption certainly is that claims which have been long neglected are unfounded, or, at least, are no longer subsisting demands. And this presumption the statute has erected into a positive bar. There is wisdom and policy in it, as it quickens the diligence of creditors, and guards innocent persons from being betrayed by their ignorance or their overconfidence in regard to transactions which have become dim by age. Yet I well remember the time when courts of law exercised what I cannot but deem a most unseemly anxiety to suppress the defense; and when, to the reproach of the law, almost every effort of ingenuity was ex-

hausted to catch up loose and inadvertent phrases from the careless lips of the supposed debtor, to construe them into admission of the debt. Happily, that period has passed away; and judges now confine themselves to the more appropriate duty of construing the statute, rather than devising means to evade its operation.' '' The respondent also cites the following cases, which are in point: Freeman on Judgments, 4th Ed. Sec. 108, citing *Ellinger's Appeal,* 114 Pa. St. 505, 7 Atl. Rep. 180; *Mitchell* v. *Campbell,* 14 Or. 454; 13 Pac. Rep, 180; *Herman* v. *Rinker,* 106 Pa. St. 121; *Sossong* v. *Rosar,* 112 Pa. St. 197; 3 Atl. Rep. 768; *Gourlay* v. *Hutton,* 10 Wend, 595.

We are therefore of opinion that the district court exercised a proper discretion in opening this default, and, it so being determined that the negligence of defendant was excusable, he had the right to interpose the defense of the statute of limitations, and the court did not err in refusing to impose the terms that he be not allowed to plead that defense. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.

