[No. 6225.]

## THOMPSON v. THE CRESCENT MILL AND ELEVATOR COMPANY.

Judgment—Vacating—Excusable Neglect—A party to a cause which has been set for trial must attend on that day. He is not excused if, relying upon the opinion of some person connected with the clerk's office that the cause will not be reached, he absents himself.—(5)

That, in the county court, a cause has been transferred to another judge sitting in the same court, without the knowledge of the party or his counsel, does not change the result.—(6)

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. R. H. GILMORE, for appellant.

Messrs. ROGERS, CUTHBERT & ELLIS, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The defendant not appearing in the justice's court, default judgment was entered against him. He appealed to the county court. The county court fixed February 1, 1907, at 9:30 o'clock, as the time of the trial. On that day, the defendant not appearing, the plaintiff took judgment. On February 4th following, the defendant filed his motion to set aside the judgment. The motion was denied and the defendant appealed to this court.

We are authorized to review the action of the trial court in declining to set aside the judgment when, as in this case, the record of the proceedings culminating in the judgment, as well as those subsequent thereto, are brought here for review. The affidavit in support of the motion to vacate the judgment, sets forth, in substance, that the defendant did not know that the case was set for trial; that on the day of the trial he was pursuing his usual vocation; that he was informed by his attorney that the attorney had communicated by telephone with an employee in the office of the clerk of the county court, and was informed that the case would probably not be tried on February 1st; that the plaintiff had caused the case to be set before Judge McCall's division, and was on the board in that division; that affiant was informed that the case was transferred from Judge Lindsey's division, without notice to affiant's attorney, and called up in that division, and default taken.

Nothing appears in the record to advise us upon what ground the court based his decision denying the motion to set aside the judgment. We observe, however, that the affidavit contains no statement based upon the affiant's knowledge, except that he was engaged in the pursuit of his usual vocation on February 1st, and did not know that the case had been set for trial for that day. Because of this, the court might have properly rejected the affidavit and denied the motion; but we shall assume that it has been established by proof that the cause was set for trial for February 1st; that some one connected with the clerk's office had notified counsel that probably the case would not be reached; that the title of the case was upon the calendar for February 1st in the court room presided over by one person, and that, without notice to the defendant, or his counsel, the cause was

heard in a different room, and before another judge. The fact remains, however, that neither defendant nor his counsel appeared before the county court on that day prepared to try the cause.

The cause was regularly set for trial. It is the duty of counsel to appear before the court on the day his case is to be tried, and to remain in the court room until excused by the judge. He must not rely upon the statements of the employees of the clerk's office that his case may not be reached. The judge has absolute control of the calendar of his court. He may try the cases in the order in which they appear or he may disregard the calendar. This is especially true of the county court, where the judge is authorized to call to his aid the judge of another court; and when two judges are trying the causes on the docket of the county court, we know of no valid objection, there being no rule of court providing a different procedure, to transferring causes from one to another without notice to counsel. If counsel had been present on the day fixed for the trial of the cause, the case could not have been transferred without his knowledge; and as we cannot say that the court abused his discretion in declining to set aside his judgment, it will be affirmed.      *Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.