[Civ. No. 1439.   First Appellate District.—January 13, 1915.]

THOMAS B. LYNCH, Appellant, v. WILLIAM JOHN DE BOOM, as Executor, etc., Respondent.

DISMISSAL—FAILURE TO APPEAR AT TRIAL—EXCUSABLE NEGLECT—MOTION TO VACATE JUDGMENT—ABUSE OF DISCRETION.—On a motion to vacate a judgment of dismissal on the grounds of inadvertence, mistake, and excusable neglect of plaintiff, where the affidavit of plaintiff's attorney set forth matters tending to show a tentative agreement between counsel that the cause would not be set for trial nor tried until sometime after the middle of July, 1913, when counsel for plaintiff would have returned from a business engagement at Seattle, and the affidavit of plaintiff, in addition to being an affidavit of merits, the sufficiency of which was not questioned, alleged substantially that plaintiff was an attorney at law, and on July 11, 1913, at 9:55 A. M. he, in the absence of his attorney, appeared in the courtroom where the action was pending, in response to an order of the court previously made setting the cause for trial on that date, and then and there called the attention of the clerk of the court to the fact that the cause was omitted from the court's calendar of causes to be tried on that date, and at the same time inquired of the clerk concerning the cause of the omission, whereupon the clerk informed him that the action would not be tried on

that date, and that he, the clerk, would assign a later date for the re-setting of the cause for trial and plaintiff, relying upon the statement made to him by the clerk, left the courtroom at ten minutes past ten fully believing that no action would be taken by the court on that date, but after the plaintiff had left the courtroom the cause was by the court called for trial, and there being no appearance for the plaintiff, a motion to dismiss the case was made and granted and judgment accordingly entered for the defendant, which affidavits were opposed by a counter affidavit of one of the attorneys for the defendant, which, after admitting the allegations of the affidavit of plaintiff's attorney in so far as they related to the agreement not to try the cause until after the middle of July, 1913, averred that in keeping the agreement of counsel, the cause was duly and regularly set for trial on July 11, 1913, but denied that counsel for the defendant had any agreement with counsel for plaintiff to the effect that the hearing of the motion to set the cause for trial would be continued until the latter's return from Seattle—upon this showing it was an abuse of discretion for the court to refuse to vacate the judgment of dismissal.

ID.—CONVERSATION WITH CLERK—PRIMA FACIE SHOWING OF EXCUSABLE NEGLECT.—In such a case the allegations of the plaintiff's affidavit concerning his conversation with the clerk of the court constituted a *prima facie* showing of excusable neglect, which, in the absence of a counter showing by the defendant, should have impelled the lower court to set aside the judgment.

ID.—DISCRETION OF COURT—JUDGMENT ON MERITS FAVORED.—While it is true generally that the exercise of the power to set aside a judgment taken as the result of the alleged excusable neglect of one of the parties to an action, is largely a matter of discretion in the court below (Code Civ. Proc., sec. 473), nevertheless, where the disclosed and undisputed circumstances attending the taking of the judgment are such as would naturally cause the lower court to hesitate in its decision of the motion to vacate, that discretion should be so exercised as to bring about a judgment upon the merits of the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying plaintiff's motion to vacate a judgment of dismissal. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Leo J. McEnerney, Thomas B. Lynch, and H. E. Manning, for Appellant.

W. P. Caubu, and Stafford & Stafford, for Respondent.

THE COURT.—In this action the plaintiff sought to recover from the defendant, as the executor of the last will and testament of Romaine Camille De Boom, deceased, the sum of $612.50 for services rendered the deceased by plaintiff's assignor. The appeal upon a bill of exceptions is from an order denying defendant's motion to vacate a judgment of dismissal entered upon the request of and in favor of the defendant.

The motion to vacate was grounded upon the alleged inadvertence, mistake, and excusable neglect of the plaintiff, and it was supported by the affidavit of the plaintiff and his attorney, Mr. Leo J. McEnerney. The latter's affidavit dealt largely with matters of conversation with one of the counsel for the defendant concerning the setting of the cause for trial, and upon the whole tended to show a tentative agreement between counsel that the cause would not be set for trial nor tried until some time after the middle of July, 1913, when counsel for the plaintiff would have returned from a business engagement at Seattle. The affidavit of plaintiff, in addition to being an affidavit of merits—the sufficiency of which is not questioned here—alleged substantially the following facts: The plaintiff was an attorney at law. On July 11, 1913, at 9:55 A. M. he, in the absence of his attorney, McEnerney, appeared in the courtroom of department 12 of the superior court of the city and county of San Francisco, in response to an order of the court previously made setting the cause for trial on that date, and then and there called the attention of the clerk of the court to the fact that the cause was omitted from the court's calendar of causes to be tried on that date, and at the same time inquired of the clerk concerning the cause of the omission. Thereupon the clerk informed the plaintiff that the action would not be tried on that date, and that he, the clerk, would assign a later date for the resetting of the cause for trial. The plaintiff, relying upon the statements made to him by the clerk, left the courtroom at 10 minutes past 10 o'clock, fully believing that no action would be taken in the case by the court on that date. After the plaintiff had left the courtroom, however, the cause was by the court called for trial, and there being no appearance for the plaintiff a motion to dismiss the case was made and granted, and judgment accordingly entered for the defendant.

The only showing made upon behalf of the defendant in opposition to the motion to vacate, consisted of a counter affi-

davit of Mr. W. M. Stafford, one of the attorneys for the defendant, which, after admitting the allegations of the Mc-Enerney affidavit insofar as they related to the agreement not to try the cause until after the middle of July, 1913, averred that in keeping with the agreement of counsel the cause was duly and regularly set for trial on July 11, 1913. This affidavit, however, denied that counsel for the defendant had any agreement with McEnerney to the effect that the hearing of the motion to set the cause for trial would be continued until the latter's return from Seattle. The allegations of the plaintiff's affidavit concerning the conversation with the clerk of the court were not contradicted by any evidence, oral or documentary.

Upon the showing thus made we are of the opinion that the court below abused its discretion in refusing to vacate the judgment of dismissal. The allegations of the plaintiff's affidavit concerning his conversation with the clerk of the court constituted a *prima facie* showing of excusable neglect which, in the absence of a counter showing by the defendant, should have impelled the lower court to set aside the judgment. While it is true generally that the exercise of the power to set aside a judgment taken as the result of the alleged excusable neglect of one of the parties to an action, is largely a matter of discretion in the court below (Code Civ. Proc., sec. 473), nevertheless, where the disclosed and undisputed circumstances attending the taking of the judgment are such as would naturally cause the lower court to hesitate in its decision of the motion to vacate, that discretion should be so exercised as to bring about a judgment upon the merits of the action. (*Grady* v. *Donahoo,* 108 Cal. 211, [41 Pac. 41].) In view of the fact that the plaintiff was an attorney at law and for the time being in charge of his own case, it may be conceded that he was guilty of neglect in not waiting for the judge of the lower court to appear upon the bench in order to ascertain with certainty what action would be taken in the case, but the fact was undisputed that he had in good faith endeavored to ascertain from the clerk of the court what was the condition of the cause upon the court's calendar, and was honestly misled by the information which he received. Under these circumstances the neglect of the plaintiff was excusable within the intent and meaning of the provisions of section 473 of the Code of Civil Procedure.

The facts of the case of *Anaconda Mining Co. v. Saile*, 16 Mont. 8, [50 Am. St. Rep. 472, 39 Pac. 909], presented a situation practically similar to the case at bar. There the supreme court said: "We think that Atkinson (the respondent) was excusable in relying upon the information which the clerk gave him. The clerk was the ministerial officer of the court. We think that the attorney had a perfect right to rely upon the statements of the court officer that no business would be done until a certain time. It is not as if this information came from the sheriff or a bailiff or some attendant upon the court. The clerk had the records of the court, and knew its business."

The order appealed from is reversed, with directions to the lower court to enter an order vacating the judgment of dismissal entered in favor of the defendant.