[Civ. No. 3894. Second Appellate District, Division One.—May 9, 1922.]

## AILEEN ALVARADO, Appellant, v. SUNSET SUPPER CLUB et al., Respondents.

[1] DEFAULT—MOTION TO SET ASIDE—STATEMENT OF GROUNDS—SUFFICIENCY OF NOTICE.—A notice of motion to set aside a default stating that it would be made upon the grounds that the default judgment had been entered through the mistake, inadvertence, surprise, and excusable neglect of the defendants and each of them, and that the motion would be made upon the affidavits of the individual defendants and upon the verified answer of said defendants, contained all the statements requisite under the provisions of section 473 of the Code of Civil Procedure, and it was neither necessary nor proper that there should have been set forth therein a statement of the particular facts upon which the defendants would rely.

[2] ID.—AFFIDAVIT OF MERITS—SUFFICIENCY OF.—On a motion to set aside a default, a sufficient affidavit of merits is presented by the statement in the affidavit of the defendant that he had "stated all the facts of said case to his said attorney and has been advised by him that he has a good and meritorious defense to the plaintiff's cause of action," and is aided by the verified answer raising material issues tendered at the hearing of the motion.

[3] ID.—MOTIONS TO VACATE DEFAULTS — DISCRETION — APPEAL.—Motions to vacate defaults are peculiarly addressed to the discretion of the trial judge, and the appellate court will not interfere except in cases where a clear and unmistakable abuse of discretion is shown.

APPEAL from an order of the Superior Court of San Diego County granting a motion to set aside a default. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. M. Gordon for Appellant.

Leonard Wright for Respondents.

JAMES, J.—This action was brought to recover from defendants an amount of money as damages. Defendants Sunset Supper Club (a corporation), Tony Matowich, and

George Morris failed to answer within the time fixed by law after service of summons, and their default was duly entered and judgment taken on May 18, 1921. On the 13th of June, 1921, after notice to the plaintiff, said de· fendants presented to the superior court their motion to set aside the default and the judgment entered thereon and to be allowed to file an answer. The court made an order granting the motion, conditioned upon said defendants paying to the plaintiff the sum of $33.30 costs, which costs were paid. The plaintiff has appealed from the order.

[1] In support of the appeal it is argued by counsel for the plaintiff that the showing made by the defendants was insufficient to authorize the trial court to grant the motion. It is contended that the notice of motion was insufficient in its statement of grounds; that the facts shown by the affidavits did not establish that the neglect on the part of the defendants in failing to appear and answer was excusable, and that no sufficient affidavit of merits was presented. The notice of motion did state that it would be made upon the grounds that the default judgment had been entered through the "mistake, inadvertence, surprise, and excusable neglect of these defendants, and each of them," and that the motion would be made upon the affidavits of the individual defendants and upon the verified answer of said defendants, including the Sunset Supper Club. The notice of motion contained all of the statements requisite under the provisions of section 473 of the Code of Civil Procedure, and it was neither necessary nor proper that there should be set forth therein a statement of the particular facts upon which the defendants would rely. By the affidavits of the defendants facts were shown which entitled the court to conclude that a case of excusable neglect was made out. These affidavits showed that defendant Tony Matowich, immediately after service thereof, took a copy of the summons and complaint to an attorney and requested said attorney to represent him; he set forth in the affidavit that it was understood that said attorney would represent all defendants. It appeared by Matowich's affidavit that he was secretary of the defendant corporation. In the affidavit of defendant Morris it was stated that said defendant was president of defendant corporation; that when the sum-

mons and complaint were served it was agreed that Matowich should consult the attorney of defendant corporation and request him to conduct the defense of the action, and that said defendant was informed by Matowich that he had so consulted the attorney and that the latter had agreed to attend to the defense of the action. These two affidavits were made on behalf of the individual defendants and also on behalf of the corporation. [2] Each one contained the statement that the affiant had "stated all the facts of said case to his said attorney and has been advised by him that he has a good and meritorious defense to the plaintiff's cause of action." The affidavit of merits was sufficient in form and substance; moreover, it was aided by a verified answer which was tendered at the hearing of the motion, and which raised material issues. (*Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353].)

The attorney to whom Matowich had taken the summonses in the first instance' testified orally on the hearing of the motion that Matowich came to his office with one of the defendants Topuzes, and that he was requested to secure a dismissal of the action as to Topuzes, but he did not understand that he had been employed to represent the other defendants, although he testified that it was "entirely possible that Matowich may have believed so." He testified further: "They are Greek; they speak rather imperfect English and may not have fully understood all that occurred." This attorney was at that time representing defendant Matowich in another proceeding and had also, at a prior time, been the attorney for defendant corporation. [3] It has been declared over and over again in the appellate decisions of this state that it is the policy of the law to allow causes to be tried upon their merits; that motions to vacate defaults and default judgments are peculiarly addressed to the discretion of the trial judge and that only in cases where a clear and unmistakable abuse of that discretion is shown will an appellate court interfere with such orders. (*Berri* v. *Rogero,* 168 Cal. 736, 740 [145 Pac. 95]; *Savage* v. *Smith, supra; Lynch* v. *DeBloom,* 26 Cal. App. 311 [146 Pac. 908]; *Morton* v. *Shannon,* 26 Cal. App. 689 [147 Pac. 1179]; *McMunn* v. *Lehrke,* 29 Cal. App. 298 [155 Pac. 473].)

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.