[Sac. No. 4759.   In Bank.—July 22, 1933.]

In the Matter of the Estate of ELECTA B. HARTSON, Deceased.

Puter & Quinn for Appellant.

Henry C. Gesford and Roy E. Lochman for Respondent.

SEAWELL, J.—This in an appeal from an order denying appellants' protests to the eighteenth account of the trustee under the will of Electa B. Hartson, and from an order approving the account of said trustee. The facts giving rise to the controversy are as follows:

In the year 1902 Electa B. Hartson died testate in the city of Napa, California. Her will was duly admitted to probate and the final decree of distribution made and entered in 1903. By the decree of distribution it was directed in conformance with the provisions of the will, that certain property should be held in trust, and that the income therefrom should be paid monthly to certain named beneficiaries for and during the lifetime of her three children or the survivor of them. So far as pertinent here the decree of distribution provided as follows:

" . . . the income from the balance of said trust property said trustees shall pay:

"One-third (1–3) thereof to her daughter, Dasie A. Hartson: one-third (1–3) thereof to her son, Channing K. Hart-

son; and the remaining one-third (1–3) to her son, Burnell C. Hartson, and his daughter, Ethel Hartson, as follows: One quarter (1–4) of said one-third (1–3) to said Ethel Hartson, and the remainder to Burnell C. Hartson.

"That said trustees shall pay the income of said property as above set out, for and during the term of the natural lives of her said children, and upon the death of any one of her said children, then the amount which should have been paid to said deceased child as his or her share therein, shall be paid by the said trustees to the legal heirs of her said deceased child, if there should be any living at such time, and if not, then the share of such deceased child shall be divided between the remaining living children.''

The trustees entered into possession of the properties and for many years the monthly income was paid to the four persons above named in accordance with the above-quoted provisions of the decree. On April 30, 1928, Burnell C. Hartson, one of the children of Electa Hartson, died, leaving surviving him as his only legal heirs Elizabeth Hartson, his wife, and Ethel Hartson Turner, his daughter, being the same Ethel Hartson named and provided for in the will of Electa Hartson. After the death of Burnell the trustees paid his share of the monthly income to his wife and daughter in equal shares. On April 19, 1930, Elizabeth Hartson, wife of Burnell, died, leaving as her legal heirs, and devisees of the residue of her estate, her two sisters, appellant Margaret Halley and Catherine Tydd. The latter died in November, 1930, and Clarence Ryan, the other appellant, was duly appointed executor of her will. The sole point involved on this appeal is who is entitled to the monthly income formerly paid to Elizabeth—Ethel Hartson Turner, the sole surviving heir of Burnell, or the legal heirs of Elizabeth? The trustee filed its eighteenth report and account for the period June, 1929, to March, 1931, in which it was disclosed that after the death of Elizabeth the trustee had paid the monthly income formerly paid to Elizabeth to Ethel Hartson Turner. The two sisters of Elizabeth filed a protest on the ground that they, as the legal heirs of Elizabeth and as the residuary legatees under her will, were entitled to the income formerly paid to her. The trial court determined that upon the death of Elizabeth her share of the income was properly paid to Ethel Hartson

Turner. From the order denying their protests and from the order approving the eighteenth account of the trustee the protestants appeal.

Before discussing the merits of this appeal, attention is called to the fact that all of the briefs filed in this case fail to comply with the rules of this court as to form. Section 2 of Rule VIII of the Rules for the Supreme Court and District Courts of Appeal as amended in July, 1932, requires that "a statement of the question involved . . . shall be set forth on the first page of the appellant's opening brief, and without any other matter appearing thereon. . . . If the respondent does not agree with the appellant's statement, he may frame his own and incorporate it, in like form and content, as the first page of his brief." Neither counsel has favored us with such a statement. ▆ The latter part of the same section of the rule requires that "the brief or petition must present each point separately under an appropriate heading, showing the nature of the question to be presented or the point to be made." Appellants' briefs contain the following headings: "Statement of the Case", "Law of the Case", "Argument", "A", "B", "C" "D" and "E". Respondent's brief contains the following headings: "Statements of the Case", "Respondent's Points and Authorities", "I", "II", "III", "IV", "V" and "VI". Those headings are not a sufficient compliance with the rule. Under section 4 of the same rule this court could dismiss the appeal, but in the interests of justice and for the reason that the issues involved are readily ascertainable, we will consider the appeal on its merits.

As stated above, the sole question presented is whether upon the death of Elizabeth Hartson, wife of Burnell Hartson, the monthly income formerly paid to Elizabeth should be paid to Elizabeth's heirs or to Ethel Hartson Turner, the sole surviving heir of Burnell. The proper solution of this question turns upon the proper interpretation of the last paragraph of the quoted portion of the decree of distribution. In interpreting this provision there are certain well-settled rules of construction which must be applied. ▆ The paramount rule of construction is, of course, that effect must be given, if possible, to the intent of the testatrix, if that intent can be ascertained. (Probate Code, sec. 101.) It is also well settled that where the provisions of a will

are capable of two interpretations, under one of which those of the blood of the testator will take, while under the other the property will go to strangers, the interpretation by which the property goes to those of the blood of the testator is preferred. (*Estate of Wilson,* 65 Cal. App. 680, 689 [225 Pac. 283].) Another rule of construction should also be referred to. Section 122 of the Probate Code provides: "Words in a will referring to death or survivorship, simply, relate to the time of the testator's death, unless possession is actually postponed, *when they must be referred to the time of possession"*.

█ Keeping these rules of construction in mind, we have no hesitancy in holding that the trial court correctly held that upon the death of Elizabeth the monthly income formerly paid to her should be paid to Ethel Hartson Turner, the sole surviving heir of Burnell, son of the testatrix. The decree of distribution provided that upon the death of any child of the testatrix, including Burnell, the income formerly paid to that child "shall be paid by the said trustees *to the legal heirs of her said deceased child,* if there should be any living at such time and if not, then the share of such deceased child shall be divided between the remaining living children". Upon the death of Burnell his legal heirs being his wife, Elizabeth, and his daughter, Ethel, his share of the income was properly paid to those two under the above provision. █ There can be no doubt that this bequest of monthly income to the legal heirs of a deceased child, was a bequest of income to a class, i. e., the legal heirs of the deceased child. (26 Cal. Jur., p. 946, sec. 253.) Upon the death of Elizabeth, Ethel has now become the sole surviving member of that class. Under the terms of the will as incorporated into the decree of distribution the income is to be payable monthly. Since the death of Elizabeth, Ethel is now the only member of the class in existence at the time the income is to be distributed. █ The heirs of a deceased child are to be paid the income monthly, that is, they are to come into possession of the income monthly, and therefore under section 122 of the Probate Code, *supra,* we must interpret the will to mean that the income is to be paid to the heirs of a deceased child living at the time of the distribution of the income. This conclusion is strengthened by the fact that under this interpretation the

income is paid to those who are of the blood of the testatrix, and will not go to strangers. We must presume that this was the intent of the testatrix. This conclusion is strengthened also by the fact that upon the death of the last surviving child of the testatrix the trust is to terminate and the *corpus* thereof is to be distributed to the "surviving heirs of each of her children", indicating a clear intent to keep the property in the hands of the heirs of the children. It is therefore our opinion that the interest devised to the heirs of Burnell was contingent not only upon their surviving at the time of the death of Burnell, but was also made contingent upon their being alive at the time the income was directed to be distributed to them, i. e., monthly. Upon the death of any of such heirs, the remaining surviving heirs are entitled to the income. To hold that the interest of the heirs of Burnell vested upon his death, as contended for by appellants, would be to do violence to the obvious intent of the testatrix and to violate the well-settled rules of construction above enumerated. This we cannot do.

For the foregoing reasons the orders appealed from are affirmed.

Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.

THOMPSON, J., Concurring.—I concur in the decision and the opinion if my understanding of the paragraph relating to the nonobservance of section 2 of Rule VIII governing appellate procedure is correct, which is: that it is a warning to the profession generally that there must be a compliance with the rules and that for failure in that respect the appeal may be dismissed.