[Civ. No. 10315. First Appellate District, Division One.—November 12, 1936.]

FRANK BODIN, Appellant, v. A. R. WEBB et al., Respondents.

Philip O. Solon for Appellant.

Bronson, Bronson & Slaven for Respondents.

TYLER, P. J.—Appeal from an order granting a motion for relief under section 473 of the Code of Civil Procedure upon failure of defendants to appear at the trial. Three grounds are urged for a reversal. They will be discussed in the order made. The action is one for personal injuries. It was set for trial for March 6, 1936, in the Superior Court of Alameda County. On February 3, 1936, defendants received notice of the setting of the cause. Neither defendants nor their counsel having appeared on the trial day, plaintiff presented his evidence and judgment was rendered in his favor for the sum of $10,000. On March 16, 1936, defendants moved to set the default and judgment aside upon the grounds of mistake, inadvertence, surprise and excusable neglect. The motion was heard upon the supporting affidavit of one of the attorneys for the defendants and upon an affidavit of merits and upon the counter-affidavit

of the attorney for the plaintiff. On May 1, 1936, the trial court granted the motion and set aside the default and judgment. By its order the court required defendants to pay to plaintiff $100 to cover costs incurred at the trial. This sum was tendered to plaintiff's counsel on May 4, 1936, but was rejected. The reason for the failure of defendants to appear at the trial appears from the affidavit of defendants' counsel and its sufficiency will be hereafter discussed.

■ Appellant's argument in support of his first ground of appeal is that while a motion under section 473 of the Code of Civil Procedure is the proper remedy to vacate a default entered for failing to plead to a complaint, the only remedy to vacate a judgment for failure to appear at the trial is a motion for a new trial on the ground of accident or surprise which ordinary prudence could not have guarded against. We cannot subscribe to this contention. The very language of the section (473 of the Code of Civil Procedure) negatives it. The pertinent portion of the section reads as follows: "The court may . . . upon such terms as may be just, relieve a party or his legal representative from a *judgment, order, or other proceeding taken against him* through his mistake, inadvertence, surprise, or excusable neglect." (Italics ours.) It has repeatedly been held that the section is applicable to judgments entered after trial for failure to appear. (*Pearson* v. *Drobaz Fishing Co.*, 99 Cal. 425 [34 Pac. 76]; *Melde* v. *Reynolds*, 129 Cal. 308 [61 Pac. 932]; *Nicol* v. *Davis*, 90 Cal. App. 337 [265 Pac. 867].) Appellant does not dispute the holding in these cases but he argues that they are not well considered.

We are of a contrary opinion. The language of the section itself compels this conclusion. ■ Applications for the setting aside of judgments are addressed to the sound legal discretion of the court and should be disposed of by it as substantial justice may require, and neither party should be deprived of a hearing except when guilty of inexcusable neglect, and doubts should be resolved in favor of the application. (*Pearson* v. *Drobaz Fishing Co., supra.*)

■ It is next claimed that the showing in support of the motion was insufficient. It appeared from the affidavit in support of the motion that the case was set for trial for a particular day on the nonjury calendar. Opposing

counsel had discussed the impossibility of defendants' attorneys being able to be present on that day on account of another trial. It also appeared that the secretary of the court, who had charge of arranging the status of cases for trial and notifying attorneys concerning the probable dates upon which causes would go to trial, had assured counsel for defendants that owing to the congested state of the calendar their case would not go to trial on the day set and that he would arrange the calendar so counsel would not be called upon to try two cases the same day. It further appeared that practicing attorneys relied upon the information conveyed to them by the secretary. The next day defendants' attorneys telephoned to the secretary to ascertain the day the case had been set for trial and were informed by him that through some inadvertence the case had not been continued but that a default judgment had been entered in plaintiff's favor and against the defendants. This is the precise situation that appeared in the cases of *Lynch* v. *de Boom,* 26 Cal. App. 311 [146 Pac. 908], and *Anaconda Min. Co.* v. *Saile,* 16 Mont. 8 [39 Pac. 909, 50 Am. St. Rep. 472], where the orders setting aside the judgments were affirmed. It has been uniformly held that the power vested in the trial courts by section 473 of the Code of Civil Procedure should be freely and liberally exercised to the end that cases may be disposed of upon their substantial merits, and to give a party claiming in good faith to have a substantial defense to an action an opportunity to present it. (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63].) The policy of the law is to have every litigated case tried upon its merits. A motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below. (*Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148]; *Kalson* v. *Percival,* 217 Cal. 568 [20 Pac. (2d) 330].)

Appellant makes the final point that since the lower court did not expressly order a new trial in its order vacating the judgment, he has been deprived of his judgment, which constitutes a taking of property without due process of law in violation of constitutional inhibitions. The order complained of did not constitute a final judgment but, as

we have seen, it was procured subject to the right of the court to set it aside. The case was placed *in statu quo*. There is no merit in the contention.

The order is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1937.