## CUTLER v. HAYCOCK.

No. 1805. Decided June 11, 1907 (90 Pac. 897).

1. JUDGMENT—BY DEFAULT—SETTING ASIDE DEFAULT—DETERMINATION—AFFIDAVITS OF MERITS. A court cannot consider matters going to the merits of the case presented in the affidavits in support of a motion to vacate a judgment by default, and set aside the default, since these must be tried in the regular way.

2. SAME—DEFAULT IN PLEADING. Revised Statutes 1898, section 2999, provides that all pleadings subsequent to the complaint must be filed with the clerk, and copies thereof served upon the adverse party or his attorney. Section 3331 provides that service of papers may be made on the attorney, or, if he is absent from his office and residence, by leaving the same at his residence with some person of suitable age and discretion. Section 3332 provides that, in certain cases, service may be made by mail, and section 3333 makes the service complete at the time of the deposit in the post office. Section 3179, subdivision 2, permits a default to be entered upon application to the court where no motion, demurrer, or answer has been filed with the clerk of the court within the time specified in the summons. *Held,* that the service of a demurrer on plaintiff's attorney by leaving it with his wife at his residence, he being absent from his office and residence, attending court in another county on the last day on which a pleading in the action could be filed, was not equivalent to filing the same with the clerk, and hence, where the demurrer was not mailed so as to reach the place where it was to be filed

in due course of the mails within the time required by statute, the court properly entered judgment by default.

3. SAME—PLEADING FILED AFTER DEFAULT. Where a party has failed to file a pleading within the time required, and the default has been entered of record before the pleading is filed, a judgment entered upon the default after the filing of the pleading was entered is a matter of strict legal right, and can only be set aside by the court for cause.

4. SAME—SETTING ASIDE DEFAULT—DISCRETION OF COURT. The question whether a default and judgment should or should not be vacated is one to be passed on by the trial court and rests within its sound discretion.

5. SAME. The discretion of a trial court in vacating a default and judgment should be applied to the facts as they appear in that particular case, so as to work the furtherance of justice and the protection of the rights of all concerned, unless the default is the result of inexcusable neglect of the party in default, or it would be inequitable to set it aside.

6. SAME—EXCUSES FOR DEFAULT. Where a suit was instituted in a sparsely settled country, where none of the modern facilities for communication are shown to exist, and where the communications by mail were possible only three times a week, and the attorney and client lived fifty miles apart, service of pleading made on the last day, being as effective as any other day, does not show such inexcusable neglect as will defeat the right to relief from a default entered upon the failure to file the pleading within the time fixed by statute.

7. PLEADING—TIME TO PLEAD—OFFICER OF THE COURT. Where the sheriff, an officer of the court, is sued, he is not held to a greater diligence in pleading than a citizen would be.

8. JUDGMENT — DEFAULT — SETTING ASIDE—DISCRETION OF THE COURT. Where a default and judgment had been entered against defendant upon his failure to file his demurrer to the complaint within the time fixed by law, and it was made to appear that reasonable effort had been made to plead by serving and mailing the demurrer, with proof of service attached, to the clerk of court on the last day allowed for service, and defendant tendered a verified answer to the complaint with his affidavits of merits sufficient in form and substance, he brought himself within the rules requiring a liberal exercise of the discretion vested in the court to vacate the default and judgment.

9. SAME—PREJUDICE FROM JUDGMENT. Where the prevailing party would not suffer either inconvenience or loss of any kind by vacating a default and judgment, the court has the power to do so if, in its discretion, upon the facts of the case the aggrieved party is entitled to the relief.

10. APPEAL—DISCRETION OF TRIAL COURT—DEFAULT JUDGMENT. Where defendant asked to have the default and judgment entered against him set aside, and the trial court refused, the mere fact that the appellate court thinks that this should have been done is not in all cases the test for reversing the judgment, but it raises a serious doubt, and in such a case a reasonable doubt is always resolved in favor of granting a trial upon the merits where none has been had.

11. JUDGMENT—OPENING DEFAULT—ABUSE OF DISCRETION. An action was commenced against defendant by service of summons upon him, and he at once transmitted the summons to his attorney, who was some fifty miles distant. The attorney prepared a demurrer to the complaint, and had it served upon the plaintiff's attorney by leaving a copy thereof at his residence with his wife, the attorney being absent in another county, on the last day allowed for service, and on the same evening mailed the demurrer, with a proof of service attached, to the clerk of court in the county where the case was commenced, but it did not reach there until after default had been entered against the defendant. Before judgment, defendant requested plaintiff's attorney to call the court's attention to the demurrer, which he refused to do, but made his proof and took judgment by default. On learning of the entry of the default and judgment, defendant's attorney filed a motion, supported by affidavits and answer on the merits duly verified, to set aside the judgment and default. *Held*, that the trial court abused its discretion in refusing the relief asked.[1]

APPEAL from District Court, Sixth District; Jno. F. Chidester, Judge.

Replevin by Margaret R. Cutler against Thomas Haycock. From an order denying defendant's application to vacate judgment by default for plaintiff and to set aside the default, defendant appeals.

REVERSED AND TRIAL COURT DIRECTED TO VACATE THE JUDGMENT, SET ASIDE THE DEFAULT, AND PERMIT DEFENDENT TO ANSWER.

*Geo. B. Greenwood* and *Thomas & Maycock* for appellant.

*W. F. Knox* and *S. R. Thurman* for respondent.

1 Peterson v. Crosier, 29 Utah 235, 81 Pac. 860, distinguished.

FRICK, J.

This is an appeal from a judgment entered against Haycock, the appellant, by default, and the matters presented for review arise out of the proceedings prior to judgment and those subsequent thereto on the application to set aside the default and to vacate the judgment. The facts, briefly stated, are as follows: The summons was duly served on the appellant at Panguitch, Garfield county, Utah, on November 11, 1905, in an action of replevin commenced by respondent against appellant in said court. A complaint and affidavit in replevin in due form were also filed on the same day. The service and return are regular in form and substance. By section 2939, Rev. St. 1898, a party served in the county where the action is lodged must appear and defend the action within twenty days after service of summons upon him. The twenty days in this case expired on December 1, 1905. On that day the attorney for appellant, through his office clerk, served a demurrer on the attorney for respondent at Beaver, in Beaver county, Utah, by delivering a copy to the wife of the attorney; he being absent from his office and residence attending court at Panguitch, in Garfield county. The distance from Panguitch to Beaver is about fifty miles, and communication between the two places is by a stage or mail route, making trips Mondays, Wednesdays, and Fridays of each week. On the evening of December 1st appellant's attorney deposited the original demurrer, with proof of service thereto attached, in the post office at Beaver, and the same arrived in Panguitch at the clerk's office in the forenoon of December 4th following. On the 2d of that month the attorney for respondent, without actual knowledge of the service of the demurrer at his residence, entered a default against appellant for a failure to plead in the action. On the 4th, when the demurrer reached the clerk's office, respondent's attorney was informed of the fact by the clerk, and the attorney objected to the filing thereof because it was out of time; and the clerk, in pursuance of the objection, did not place his filing mark on the demurrer, but lodged it with the papers in the case. Within a few days

thereafter, however, he filed the same as of December 4th. On December 6th, following, with the record as above stated, re spondent's attorney insisted upon and obtained a judgment by default against appellant upon making proof of the allegations of the complaint.  Appellant, prior to the entering of the judgment, had informed respondent's attorney that the matter of preparing a defense to the action was left in the hands of his attorney at Beaver; that he had promptly, or being served with the summons, transmitted the papers to his attorney; and that, owing to the lack of opportunities for communication and the duties devolving upon appellant as sheriff of Garfield county, there had been no further communication between him and his attorney about the matter, but that he thought he had a good defense, and wanted to make it.  He further stated that he was not personally interested in the matter, and had no interest, except "to be sure that things were done right," and before judgment he requested respondent's attorney to call the court's attention to the demurrer, and asked that the same be regularly filed in the case.  Respondent's attorney refused to do this, and made his proof and took judgment by default against appellant. During all of this time the attorney for appellant was ignorant of what had transpired, but supposed that the demurrer was filed in the case, and was pending upon the issue of law presented thereby.  Appellant's attorney also had assumed that the court in Garfield county had adjourned before the time that the judgment by default was entered against his client.  A few days thereafter, and after the adjournment of the court, appellant's attorney learned of the judgment by default and of the proceedings had, and thereafter, on April 3d, and before the court held another session in Garfield county, he filed a motion, supported by affidavit and an answer on the merits duly verified, to set aside and vacate the judgment entered by default against appellant, on substantially the following grounds: That the default was improperly entered, because a demurrer was on file at the time it was entered; that the same was obtained through mistake, inadvertence, and excusable neglect of appellant and his attorney, and through

the concealment and misrepresentation of respondent's attorney; and that appellant had a good defense to the merits of the action. From the affidavits in support of the motion, in addition to the facts above set forth, it further appeared that the appellant had taken the property involved in this action, as sheriff of Garfield county, on an execution issued by the clerk of the district court of said county upon a judgment against one W. J. Jolly, Jr.; that the property was levied upon as the property of said Jolly, and was claimed by the respondent and taken from appellant on a writ of replevin in this action. It further appeared that the property at the time of the levy was in the possession of said Jolly, and appellant states in his affidavit in support of the motion, and in his answer tendered, that he verily believes he can show, if a trial be had, that said Jolly was the owner of said property, and that the same was subject to levy; that no answer or demurrer was sooner filed in the action because George B. Greenwood, appellant's attorney, lived at Beaver, Beaver county, and appellant lived at Panguitch, Garfield county, and they had no ready means of communication, and that appellant relied on said Greenwood, and said Greenwood, in good faith, believed that the service of the demurrer and the transmission thereof to the clerk would prevent a default in the action; that it always was the intention of both appellant and his attorney to appear in and defend the action. The answer tendered was sufficient in form and substance to meec the allegations of the complaint. Respondent's attorney also filed a counter affidavit, in which some of the facts above recited were stated somewhat differently; but, upon the whole, the facts are substantially as above outlined, except that a considerable part of the affidavit of respondent's attorney is devoted to an attempt to explain the merits of the case. The court, however, could not consider matters offered by respondent going to the merits. If appellant presented a good and meritorious defense on paper, the only way to meet it would be to do so at the trial of the case, and not by affidavit. The merits must be tried out in the regular way. (1 Black on Judgments, section 351, and cases there cited.)

The court, upon considering the motion, and the affidavits in support thereof, to set aside the default and vacate the judgment, refused to do so; and the errors assigned are all based upon the action of the court in this respect.

It is contended by appellant that the default was irregularly entered, in that the service of the demurrer on the attorney for respondent in the manner stated was sufficient to prevent a default. Is this contention sound? To determine this question, we have examined a large number of cases from other states, but, in view of the variant statutes and rules of court, the decided cases have afforded, and can afford, but little aid in arriving at a correct solution under our statute upon the subject. We will therefore attempt a solution of the question in the light of what we deem a fair and reasonable construction of our own statutes regulating the practice in this respect. By section 2939, Rev. St. 1898, a party to an action served with a summons within the county where the action is planted must appear in and defend the same within twenty days after service, or suffer judgment to be taken against him in accordance with the prayer of the complaint. Section 2999 provides that "all pleadings subsequent to the complaint must be filed with the clerk and copies thereof served upon the adverse party or his attorney." Section 3331 provides that service or notices or papers may be made on the attorney, or, if he is absent from both his office and residence, by leaving the same at his residence with some person of suitable age and discretion, or, if his residence is unknown, then by depositing the same in the post office, directed to him. Section 3332 provides that in certain cases service may be made by mail, and section 3333 makes the service complete at the time of the deposit in the post office. It is further provided in the last section that if the act is to be performed by the person served within a given number of days after such service, and such person resides at a place other than the person serving the notice and where the notice is mailed, then the person served has one day for each twenty-five miles' distance between the place of deposit and the place of his residence to perform such act. It will be observed that these latter sec-

tions apply to service of notices or papers only. Moreover, subdivision 2 of section 3179, within which this case falls, permits a default to be entered where no motion, demurrer, or answer "has been filed with the clerk of the court within the time specified in the summons." No judgment, however, can be entered in a case like the one at bar except on application to the court. Was the service of a demurrer on respondent's attorney on December 1st, the last day on which a pleading in the action could be filed as a matter of right, equivalent to filing the same with the clerk? We think not. It will be observed that the service of summons is provided for specially in section 2948, and is served either upon the person or by leaving the same at his place of business, or, in certain cases, by publication. In all cases, however, where a pleading is not filed with the clerk within the time specified in the summons, the party causing the summons to be served is entitled to a default. This is the language of the statute, and, since it is clear, admits of no construction. A party, therefore, cannot rely on the mails in getting his pleadings on file. He must see to it that they are lodged in the proper office for filing within the time required by statute. Undoubtedly, if a party mail a pleading in sufficient time to reach the place where the same is to be filed in due course of the mails, no court would deny him the right to have the same filed, and to refuse to do so might be error; but that is not this case. Here the demurrer could not, in due course of the mails, have reached the clerk in time for filing on the last day it could have been filed as a matter of strict legal right, and the service thereof on the attorney at his residence was, we think, not tantamount to lodging it in the clerk's office for filing. Had respondent's attorney accepted service thereof on that day, the case would have been different; but this difference would rest upon his act of a waiver of time by the acceptance of service, which is well illustrated by the case of *Hestres v. Clements,* 21 Cal. 425. Again, the service of papers, notices, and pleadings on opposite counsel, as was said in *Maples v. Geller,* 1 Nev. 197, is for the benefit and convenience of counsel, and under our statute is not equivalent to filing them in

the proper office where such a filing is required. In some states, by special rules of court, and in the absence of express statutes, in the earlier days such service was held sufficient, although not filed before the case was called for trial. We think, however, that the default in this case was entered as a matter of strict legal right. Some of the courts have expressed some doubt whether a judgment by default can be regularly entered after a proper pleading is on file, although filed out of time and without leave. While this may be so in a case where a default for want of a pleading has not been entered against the party in default, we think that, where a default has been rightfully entered, a party cannot thereafter, as a matter or right, arrest the entering of judgment on the default by simply filing a pleading with the clerk. In order to do this, he should obtain leave to file it from the court. It follows, therefore, that where a party is in default for want of a pleading, and such default has been entered of record, a judgment entered upon such default, although after a pleading is lodged with the clerk after default is regularly entered, can only be set aside by the court for some cause appearing therefor. From this it further follows that both the default and the judgment thereon in this case were entered as of strict legal right.

This brings us to a more delicate, if not a more important, and, as we conceive, the main question in the case, namely: Should the default and judgment have been set aside by the district court upon the showing made by appellant? That the question whether a default and judgment should or should not be vacated is one to be passed on by the trial court, and that it rests within its sound discretion, has so often been declared to be the rule of practice that it has become elementary, and needs no citation of authorities. It is equally elementary that this discretion is to be applied to the facts as they appear in each case, and, in the exercise of this discretion, the aim and object should be the promotion and furtherance of justice and the protection of the rights of all concerned. As has been well said, in all doubtful cases the general rule of courts is to incline towards granting relief from the

default, and to bring about a judgment on the merits. (1 Black on Judgments, section 354; *Cameron v. Carroll,* 67 Cal. 500, 8 Pac. 45; *Wolff v. Canadian Pac. Ry.,* 89 Cal. 332, 26 Pac. 825; *Watson v. S. F. & B. Ry. Co.,* 41 Cal. 17.) This rule, as appears from the authorities, is of almost universal application, and is defeated only in cases where the default is the result of inexcusable neglect of the party in default, or where it would be inequitable to set it aside. Do the exceptions to the general rule stand in the way of relief in this case? This must be determined from sound principles of justice when applied to the facts and circumstances of the case, and upon the reasonable efforts made by the appellant to comply with the law and rules of practice to appear and defend the action. In this respect it seems appellant's conduct was not without some excuse. The circumstances of this case arose in a sparsely settled country, where none of the modern facilities or conveniences for communication are shown to exist, and where the communications by mail were possible only three times a week, and the attorney and client lived apart a distance of about fifty miles, and where service of pleading is made on the last day on the opposite party, as the law permits it to be done. Does this show such inexcusable neglect as will defeat the right to relief? Good faith and reasonable effort to make a defense are always elements to be considered in each case. To plead on the last day is as effective as on any other day. True, a party may assume some risk by deferring the matter, but he does not thereby place himself beyond the bounds of equitable relief. In this case the sheriff, an officer of the court, was sued, and, while he may not be entitled to any other or further consideration than other litigants, he certainly ought not be held to a greater diligence in defending the acts required of him by law than a citizen would be. In this case the facts are not disputed that, in view of all the circumstances, the appellant did make a reasonable effort to defend his acts in executing the processes in his hands for that purpose. True, he did not present his defense within the time required by law, and therefore, according to the strict rules of practice, the respondent was en-

titled to enter a default against him. But this was not irrevocable, and the courts are vested with legal discretionary powers for the express purpose of preventing injustice by the strict enforcement of legal rules. When thus it was made to appear to the court what the facts actually were that led to the default, that reasonable effort had been made to plead by serving and mailing the demurrer, and appellant tendered a verified answer to the complaint with his affidavit of merits sufficient in form and substance, we think he clearly brought himself within the rules requiring a liberal exercise of the discretion vested in the court in such matters in his favor. Upon the other hand, there is not the slightest intimation that the respondent would have suffered either inconvenience or loss of any kind by setting aside the default. If costs are involved, the court can always protect against those. This is not a case where a party at great expense and sacrifice of time had prepared for trial, and would be compelled to undergo it all again if the other party is permitted to defend; nor does it present a case where any evidence has been lost to the prevailing party. It is too manifest to admit of controversy that both the default and judgment were obtained at a time when neither was expected, but arose out of the fortuitous circumstance that respondent's attorney happened to be present at the county where the action was commenced while the opposite attorney was absent therefrom. While we are unanimous that under all the facts and circumstances of this case the trial court should have set aside the default and vacated the judgment, we do not desire to be understood as holding that the mere fact that our contrary judgment is in all cases the test for reversing the judgment of a lower court on matters of fact or discretion, although it be three to one. Neither do we place the reversal of the judgment in this case entirely upon that ground, for the reason that the lower court, as appears from his decision, which is in the record, relied very strongly on the decision of this court in the case of *Peterson v. Crosier*, 29 Utah 235, 81 Pac. 860. In that case the question presented for decision was whether the judgment obtained against the defendant in his absence after he had answered

should be vacated. The question was, not whether the defendant should be permitted to make a defense, but whether he should be relieved from the consequences of his failing to prepare for and be present at the trial of the case. In that case the defendant had filed an answer—he had presented his defense—but failed to follow it up. The gist of the decision, and the ground upon which it is based, is stated by the present Chief Justice, at page 243 of 29 Utah, page 860 of 81 Pac., in the following language:

"The facts set out in appellant's affidavit wholly fail to bring the case within the foregoing provision of the statute. (Rev. St. 1898, sec. 3005.) On the contrary, they tend to show a deliberate intention on his part to abandon his defense and permit plaintiff to take judgment against him. He and his counsel were advised that the case would be called for trial on the day for which it was set, and he must have known that unless he appeared and made his defense, or obtained a continuance, a judgment in all probability would be rendered against him; but, instead of preparing and appearing for trial, he showed an indifference which is wholly inexcusable."

That was a case, as the Chief Justice says, in which appeared a deliberate abandonment of the case. Not so in this case. Every act on the part of appellant and his attorney shows a desire to present a defense. Their failure to effectuate their intention was not "wholly inexcusable," but to our minds, in view of all the circumstances, should absolve them from the consequences of the judgment rendered against appellant. While, as we have already stated, the mere difference of judgment between this court and the trial court may not be conclusive, still it raises a serious doubt, and in such a case a reasonable doubt is always resolved in favor of granting a trial upon the merits where none has been had. In view, therefore, that the trial court stated the rule applicable to cases like the one at bar correctly in another part of his opinion, but referred to the *Crosier Case*, supra, as being a precedent for him to follow, we feel forced to the conclusion that the trial court did not exercise his prerogative in respect to the discretion vested in him as freely as he might have done in the absence of the decision in the *Crosier Case*. Moreover, as it seems to us, the trial court, inadvertently, no doubt, mis-

conceived the full import of the decision in the *Crosier Case,* and applied what is there said as applicable to the facts in that case too strictly in view of the nature of the case and the facts and principles involved in the case at bar.    Law and courts alike abhor a result that condemns a party unheard, and, unless the law unavoidably requires and justice demands it, where a party has not by his own inexcusable neglect deprived himself of the right, the courts should, and will, where equity permits, afford relief, to the end that a party may be given a hearing.    We think this salutary rule has been invaded to the prejudice of the appellant.

The judgment is reversed, and the district court is directed to vacate the judgment, set aside the default, and permit the appellant to answer upon such reasonable terms in respect to costs as to the court may seem just, and to proceed with the case in accordance with law.    Neither party to recover costs in this court.

McCARTY, C. J., and STRAUP, J., concur.