## McCULLOUGH v. McCULLOUGH.

No. 2056.   Decided January 10, 1910 (106 Pac. 665).

APPEAL AND ERROR—JUDGMENT ROLL—BILL OF EXCEPTIONS.  A motion
to modify a judgment, the affidavits in support thereof and the
rulings and orders of the court made in respect thereto, are not
a part of the judgment roll and cannot be reviewed on appeal unless
preserved by and presented on a bill of exceptions.   (Page 149.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by John McCullough against Mary McCullough.

From an order vacating the order substituting as defendant the administrator of defendant, and denying a motion to modify the judgment rendered in the action, plaintiff appeals.

AFFIRMED.

*V. C. Gunnell* for appellant.

*J. N. Kimball* for respondent.

STRAUP, C. J.

In 1901, in an action wherein the appellant was plaintiff and Mary A. McCullough, defendant, a judgment of divorce was rendered on her counterclaim, in favor of the defendant, and certain real estate awarded to her.  In 1902, and in that action, the appellant, by motion and on notice, asked that the decree in respect to the property awarded to defendant be modified.  Upon a hearing had the motion was denied.  Again, in 1905, the appellant made a similar motion, which

on a hearing was also denied. In December, 1908, the defendant died. In January, 1909, the appellant moved the court to substitute the administrator of her estate in the action, and again moved the court to modify the decree so as to award the property to the appellant. The order of substitution was made, but, on the appearance of the administrator, and on a hearing, the order was, in April, 1909, vacated, and the motion to modify the decree denied. These various motions were supported and resisted by affidavits. This appeal is taken from the order made, or judgment rendered, by the court in April, 1909, seeking to have reviewed the proceedings had with respect to them.

The respondent has challenged our power to review them because they are not preserved nor authenticated by a bill of exceptions. The appellant concedes that there is no bill of exceptions, but insists that the motions, petitions, and affidavits, and the proceedings had thereon, and the rulings and orders made in respect thereof, are a part of the judgment roll, and reviewable without a bill of exceptions. We think otherwise. To properly review such rulings and proceedings, it was essential to preserve them by, and to present them on, a bill of exceptions. Without it we cannot judicially know what they were.

There not being anything before us which is reviewable, it follows that the judgment of the court below must be affirmed, with costs. Such is the order.

FRICK and McCARTY, JJ., concur.