## CORNELIUS v. MOHAVE OIL CO. et al.

No. 4189.   Decided September 9, 1925.   (239 P. 475.)

1.  APPEAL AND ERROR—ON APPEAL ON JUDGMENT ROLL, ORDER DENY-
    ING MOTION TO SET ASIDE DEFAULT JUDGMENT NOT REVIEWABLE.
    Where appeal by defendants from denial of motion to set aside
    default judgment was on judgment roll alone, and no bill of
    exceptions was filed, the evidence presented to the trial court
    on such motion, and upon which it acted, was not properly
    preserved, and could not be considered on appeal, in view of
    Comp. Laws 1917, § 6867, prescribing contents of judgment
    roll.[1]

2.  APPEAL AND ERROR—JUDGMENT—EXERCISE BY COURT OF JUDICIAL
    DISCRETION, IN DENIAL OF MOTION TO SET ASIDE DEFAULT JUDG-
    MENT, NOT REVIEWABLE, IN ABSENCE OF PROPERLY AUTHENTICATED
    RECORD.   Ruling of trial court denying motion to set aside de-
    fault judgment involved exercise of judicial discretion, and,
    in absence of properly authenticated record of evidence pre-
    sented and considered ·by court, decision cannot be reviewed.

3.  COSTS—RESPONDENT NOT ENTITLED TO COSTS FOR PRINTING SUP-
    PLEMENTAL ABSTRACT, WHERE MATTER CONTAINED THEREIN
    WHOLLY OUTSIDE RECORD.   Where appeal from an order denying
    a motion to set aside a default judgment was on the judgment
    roll, and where no bill of exceptions was filed, respondent
    was not entitled to costs for printing supplemental abstract
    purporting to contain or set out evidence introduced at hearing
    of motion; matter contained therein being wholly outside
    record.

Appeal from District Court, Fifth District, Washington County.; *George Christensen*, Judge.

Action by Henry Cornelius against the Mohave Oil Company and another. From a default judgment against them, defendants appeal on judgment roll.

AFFIRMED.

---

[1] Citing *McCullough* v. *McCullough*, 37 Utah, 148, 106 P. 665.
Headnote 1.   4 C. J. p. 168.
Headnote 2.   4. C. J. p. 194 (Anno), 34 C. J. p. 429.
Headnote 3.   15 C. J. p. 272.

*Sam Cline,* of Milford, and *O. A. Murdock,* of Beaver, for appellants.

*D. H. Morris,* of St. George, for respondent.

CHERRY, J.

From a judgment by default against them, in favor of the plaintiff, the defendants appeal upon the judgment roll, which contains no bill of exceptions. The only substantial objection urged is that the trial court erred in denying the defendants' motion to set aside the default and judgment upon the grounds of inadvertence and excusable neglect.

The record brought up contains the appropriate documents constituting the judgment roll, and, in addition, the motion to set aside the default and judgment and the affidavit filed in support of the motion and a copy of the order denying the motion, all certified by the clerk as being "the judgment roll, and the full and complete files in the case."

It is suggested by respondent's counsel, and not denied, that oral evidence was heard and considered by the court upon the hearing of the motion. Respondent has printed and filed what is called a supplemental abstract containing purported evidence introduced at the hearing. This matter does not otherwise appear of record and the manner of presenting it here is wholly gratuitous and unauthorized. It is not claimed that any bill of exceptions was ever filed. The state of the record is such that the order of the trial court denying the motion to set aside the default and judgment cannot be reviewed on this appeal. The question involves an examination of the evidence before the trial court and upon which it acted, and this has not been preserved and brought here in any authentic or authorized manner.

Comp. Laws Utah 1917, § 6867, which prescribes what shall constitute the judgment roll, does not include a motion to set aside a default, the affidavits in support thereof, or the rulings or orders of the court in respect thereto.

In *McCullough* v. *McCullough,* 37 Utah, 148, 106 P. 665,

this court held:

"A motion to modify a judgment, the affidavits in support thereof, and the rulings and orders of the court made in respect thereto, are not a part of the judgment roll, and cannot be reviewed on appeal, unless preserved by and presented on a bill of exceptions."

In 4 C. J. 168, the rule is stated as follows:

"Motions to set aside a default, and affidavits in support of such motions are not part of the record proper, and must be brought into the record by a bill of exceptions or in some other method recognized by law. If the affidavits are incorporated only in the transcript, on appeal, they cannot be considered."

The ruling of the trial court upon the motion to set aside the default involved the exercise of judicial discretion. And whether or not the discretion was properly exercised depends upon the evidence presented to the court and upon which it acted. In the absence of a properly authenticated record of all of the evidence presented to and considered by the court, the decision cannot be reviewed.

The judgment appealed from is affirmed, with costs to respondent, provided that respondent shall not be entitled to any costs for the printing of his "supplemental abstract," because the matter contained therein was wholly outside the record.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.