## MADSEN et al. v. HODSON et al.

No. 4491.   Decided April 27, 1927.   Rehearing Denied   (256 P. 792.)

*L. A. McGee,* of Price, for appellants.

*O. K. Clay,* of Price, for respondents.

GIDEON, J.

In October, 1925, plaintiffs instituted an action in the district court of Carbon county against defendants. The relief sought was a decree quieting title to certain real estate in that county and adjudging that defendants have no right or claim therein or thereto. On January 9, 1926, defendants appeared by counsel and demurred both generally and specially to the separate causes of action stated in the complaint. At the same time defendants filed a motion to strike the two causes of action stated in the complaint, for the reason that the same were inconsistent and repugnant to each other. A motion was also interposed to require plaintiffs to elect upon which cause of action they would proceed in the further trial of the action. These demurrers and the motions were denied on January 16, 1926. Notice of the ruling of the court was on that day served upon defendants. Defendants were given

30 days within which to further plead. No further appearance or pleading was made by defendants, and on February 17, 1926, the court, upon motion of plaintiffs, entered the default of defendants. Testimony was taken, findings of fact made, and a decree entered quieting the title in plaintiffs against any and all claims of defendants. Thereafter, on February 27, 1926. defendants appeared and moved the court to set aside the default and judgment. This motion was denied. The record discloses that on March 1, 1926, defendants served notice of intention to move for a new trial. This motion, as was the motion to set aside the judgment, was supported by an affidavit of counsel in the case. The motion for a new trial was denied on March 6th. The minute entries of the court further disclose that on March 12th defendants renewed the motion to set aside the judgment and that the same was submitted and again by the court denied. From the judgement and from the subsequent orders this appeal is prosecuted.

It is argued by appellants here that the court below abused its discretion in denying the motion to set aside the judgment as well as the motion for a new trial. To obtain relief against a default judgment, the proper practice is not by motion for a new trial, but by a motion to set aside and vacate the judgment. *Thomas* v. *Morris,* 8 Utah, 284, 31 P. 446.

Appellants rely upon the provisions of Comp. Laws Utah 1917, § 6619. It is provided in that section that the court may, in its discretion, relieve a party or his legal representative from a judgment or other proceeding against him through his mistake, inadvertence, surprise, or excusable neglect. There is a bill of exceptions in the record. Included in this bill there is a minute entry which purports to record the action of the court in overruling a motion vacating and setting aside the default judgment. The bill contains no other record of any proceedings relating to a motion to vacate the judgment. No motion nor evidence in support of a motion to vacate the judgment is

found in the bill. In the course of the opinion in *Cornelius* v. *Mohave Oil Co.*, 66 Utah, 22, 239 P. 475, this court said:

"Comp. Laws of Utah, 1917, § 6867, which prescribes what shall constitute the judgment roll, does not include a motion to set aside a default, the affidavits in support thereof, or the rulings or orders of the court in respect thereto."

As pointed out in that opinion, the rulings of a trial court upon a motion to set aside a default is the exercise of judicial discretion. The very purpose of asking this court to review a ruling of the trial court on a motion of that nature is to determine whether the court abused its discretion. The motion, if there was one, to vacate the judgment, and the evidence in support of that motion, not being properly certified to this court, cannot be reviewed by us. Every presumption is that the trial court did not abuse its discretion. The holding of this court in Cornelius v. Mohave Oil Co., supra, is decisive of the contention of appellants on this appeal.

Judgment affirmed. Costs awarded to respondents.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.