NAISBITT v. HERRICK et al. (GAJEWSKY, Intervener)

No. 4918.   Decided August 22, 1930.   (290 P. 950.)

576

C. R. *Hollingsworth,* of Ogden, for appellant.

*Samuel C. Powell* and *Derrah B. Van Dyke,* both of Ogden, for respondents.

ELIAS HANSEN, J.

The plaintiff brought this suit against various defendants to quiet title to a tract of land situated in Ogden City, Weber

County, Utah. In addition to the defendants named in the complaint, the plaintiff sought to quiet his title against "also all other persons unknown claiming any right, title, estate, lien or interest in the real property described herein adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto." Theodore Gajewsky, the appellant, was not named in the suit except as he is one of those persons who claim an interest in the premises. Appellant was not personally served with summons and he did not appear in the suit until after judgment was entered quieting plaintiff's title to the lands described in the complaint. Plaintiff secured service of summons upon appellant, if at all, by publication. The complaint was filed in the district court of Weber county, Utah, on May 21, 1927. Summons was published in the Ogden Standard Examiner on June 1, 8, 15, 22, 29, and July 6, 1927. The summons so published does not contain a description of the premises, but does recite that "this action is brought to recover a judgment and decree quieting plaintiff's title to the land described in said complaint." The decree quieting plaintiff's title to the premises was entered on October 20, 1927. On October 17, 1928, appellant served upon plaintiff and his attorneys of record a written motion to set aside, as to appellant, the judgment quieting plaintiff's title to the premises in controversy and to grant appellant leave to file an answer in the cause. The motion was filed with the clerk of the district court of Weber county, Utah, on October 18, 1928. The motion so served and filed was supported by appellant's affidavit and by his answer and cross-complaint. The answer denies generally the allegations of plaintiff's complaint. In his cross-complaint, appellant alleges that for a number of years he has been in the exclusive possession of the premises in dispute; that he is the owner of such premises and entitled to the possession thereof. The affidavit which appellant so served and filed in support of his motion contains, among others, the following allegations: That he has not been personally served with summons; that his attention has recently been called

to the suit to quiet title to the premises in controversy and to the decree made and entered therein; that he is informed and believes he is bound by the decree because he is one of those persons who claim title to the premises described in the plaintiff's complaint. Appellant's proposed answer and cross-complaint is, by reference, made a part of his affidavit.

The respondent filed a counter affidavit wherein he alleges that he is the owner of the premises in controversy; that for approximately eleven years he has been in possession of such premises; that he has expended $4,200 in constructing a house on the premises; and that appellant and his predecessors have stood by and permitted him to expend large sums of money on the premises without questioning plaintiff's title thereto; that during all of said time appellant has been a resident of Weber county, Utah, and has resided adjacent to the land involved in this controversy. No evidence was offered by either party in support of the allegations contained in their affidavits. On December 27, 1928, a written order was made and entered in the cause denying appellant's motion. This appeal is taken from the decree quieting plaintiff's title to the premises and from the order dated December 27, 1928, wherein the trial court refused to set aside the decree as to appellant and refused to grant appellant leave to plead in the cause.

The notice of appeal was not served until June 20, 1929. The attempted appeal from the decree quieting plaintiff's title dated October 20, 1927, cannot be considered because twenty months elapsed between the date of entry of that decree and the service of the notice of appeal. An appeal must be taken within six months from the entry of judgment. Comp. Laws Utah 1917, § 6991. Thus, the only question of merit presented for determination on this appeal is whether or not the court below erred in refusing to set aside the default of appellant and in refusing to permit his answer and cross-complaint to be filed in the cause.

At the outset it should be observed that counsel for the appellant and counsel for the respondent both claim that the decree quieting plaintiff's title to the premises is binding on the appellant. The trial court apparently accepted that view. While we are in doubt about the soundness of such view, we may assume, without deciding, that the view so entertained by counsel and the court below is correct.

The parties to this litigation divide primarily upon the construction that should be given to section 6619, Comp. Laws Utah 1917. The first part of that section grants to courts discretionary power to allow a party to amend pleadings or proceedings, to strike out or amend the name of a party, to enlarge the time for answer, reply, or demurrer, to permit an answer or motion for a new trial to be made and filed after the time limited by law, to relieve a party or his legal representative form a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The latter part of the section reads thus:

"When, from any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action. Nothing but the actual taxable costs of the action accruing, on and after the default, not including attorneys' fees shall be imposed by the court under the provisions of this section authorizing the imposition of terms as a condition upon which relief is granted."

It is appellant's contention that the portion of the section just quoted should be construed to mean that when a defendant has not been personally served with summons, he has an absolute right, within one year after judgment is entered against him, to have the judgment opened and that the court has no discretion to deny such right to a party who brings himself within the terms of the statute.

Respondent contends: (1) That it is a matter of discretion with the trial court as to whether or not a judgment against a defendant who has not been personally served with summons should or should not be opened; (2) that the discretion of the trial court will not be disturbed by an appellate court unless it affirmatively appears that such discretion of the trial court has been abused; and (3) that in determining whether or not the trial court has abused its discretion in refusing to open a judgment, the evidence offered in support of the original judgment must be considered.

We shall first dispose of respondent's last contention. The appellant has not brought here for review the evidence which was offered in support of plaintiff's original judgment. Respondent contends that the failure of appellant to bring that evidence here for review is fatal to his claim for relief. In support of such contention the case of *Cornelius* v. *Mohave Oil Co.*, 66 Utah 22, 239 P. 475, 476, is cited. In that case it appears that evidence was heard and considered by the trial court on a hearing on a motion to open up a judgment. Such evidence was not preserved and brought to this court in an authentic or authorized manner. This court held that:

"The ruling of the trial court upon the motion to set aside the default involved the exercise of judicial discretion. And whether or not the discretion was properly exercised depends upon the evidence presented to the court and upon which it acted. In the absence of a properly authenticated record of all of the evidence presented to and considered by the court, the decision cannot be reviewed."

From a reading of that case it is clear that the evidence referred to in the foregoing quotation was the evidence offered upon the hearing on the motion to open the judgment, and not the evidence offered to support the original judgment. When a default judgment has been regularly and properly entered against a defendant, the right of such defendant to have the judgment opened is not to be determined by a review of the evidence which supports the judgment

sought to be vacated. In this case it is made to appear by the order of the trial court in settling the bill of exceptions that "it contains all of the evidence and testimony adduced at the hearing of said motion together with all orders and rulings made by the court during and subsequent to the hearing of said motion." It thus affirmatively appears by the proper record that no evidence other than the affidavits was offered at the hearing on the motion. The record before us contains all of the proceedings which are proper to be considered in reviewing appellant's motion to open the judgment complained of.

In proceedings to open default judgments, the courts quite generally distinguish between those judgments where personal service of summons has been had or personal appearance has been made before judgment and those judgments where there has been merely constructive service of process. The language of section 6619, Comp. Laws of Utah 1917, clearly grants to our courts discretionary power, upon proper showing, to open default judgments where a defendant has been served with process or has entered an appearance in the cause before judgment. Such discretionary power, however, may not be exercised arbitrarily. It must be exercised reasonably, or, as some courts say, legally. So long as it cannot be said that the discretionary power thus conferred upon a trial court has not been abused, a reviewing court will not disturb its ruling. *Cornelius* v. *Mohave Oil Co.*, supra; *Madsen* v. *Hodson,* 69 Utah 527, 256 P. 792; *Blyth & Fargo Co.* v. *Swenson,* 15 Utah 345, 49 P. 1027.

A different rule is applied where a judgment is founded upon constructive service of process. The law applicable to such a judgment is stated in 1 Freeman on Judgments (5th Ed.) p. 451, § 229. It is there said, in referring to statutes allowing judgments based on constructive service of process to be vacated, that "on complying with the conditions of the statute, the moving party acquires an absolute right to have the judgment opened, which the

court has no discretion to deny." Numerous cases cited in support of the text will be found collected in a footnote. The ruling law deducible from the adjudicated cases there cited is this: If a moving party shows (1) that he has not been personally served with process, (2) that he had had no actual notice of the pendency of the action in time to appear and make his defense, (3) that he is injuriously affected by the judgment, and (4) that he has tendered an issue to the merits of the claim of his adversary, then and in such case he has an absolute right to have the judgment opened.

In the instant case appellant made the application in time. He has complied with the foregoing requirements, unless it be that he has not shown that he did not have actual notice of the pendency of the suit in time to appear and make his defense. Upon that important question the affidavit of the appellant and the affidavit of the respondent are both conspicuously silent. The appellant avers that his attention was recently called to the suit and to the decree made and entered therein. We are at a loss to know just what is meant by "recently," and we are not informed as to whether or not appellant knew that the cause was pending before it was called to his attention. The affidavit of respondent is wholly barren of any allegation affecting the question of whether or not appellant had any actual notice of the pendency of the suit. It thus becomes of primary importance to determine whether the initial burden was cast upon the appellant to show that he did not have notice of the pendency of the suit in time to appear and make his defense, or whether the initial burden was cast upon respondent to show that appellant did have such actual notice. The adjudicated cases on that question are in conflict. Two cases, *Gray* v. *Lawlor*, 151 Cal. 352, 90 P. 691, 12 Ann. Cas. 990, and *Smith* v. *Collins*, 42 Mont. 350, 112 P. 1070, Ann. Cas. 1912A, 1158, which involve the construction of statutes identical with section 6619, Comp. Laws Utah 1917, will

serve to illustrate the diverse views. In the Gray Case it is said:

"Where he had had no personal service, there is, with respect to his right to relief in such cases, no presumption of knowledge, or of inexcusable negligence, on his part, and he is only required to show the lack of personal service."

Under the facts as they appeared in the Smith Case it was held that there was a presumption that the defendant in that case had actual notice of the pendency of the suit. In both of these cases, as well as in the other cases which have been called to our attention, the person seeking relief from the judgment was named in the process which was published. Under the reasoning in both the Gray Case and the Smith Case it would seem to be of primary importance to determine whether the manner in which constructive service of process is had does or does not tend to show that the person so served received actual notice of the fact that an action was pending against him. The reasoning, if followed to its logical conclusion, would lead to this: If it can be said that the particular manner in which constructive service is had is well calculated to give notice to the person served, then there is a presumption, in the absence of proof to the contrary, that such person has actual notice. On the other hand, if the manner in which constructive service of process is had is not calculated to give actual notice to the person served, then there is no presumption that such person had actual notice, and the burden is cast upon the opposing party to show actual notice. Due process of law requires that before one can be bound by a judgment affecting his property right, some process must be served upon him which in some degree at least is calculated to give him notice. While the question has not been urged, it is by no means clear that the summons which was published in the instant case measures up to the state and federal constitutional requirements that one may not be deprived of his property without due process of law. In this case the defendant's name does not

appear in the summons. The property involved is not described. It is difficult to conceive of a constructive service of summons worthy of the name less likely to give actual notice to the appellant that a suit was pending against him to quiet title to property in which he claims an interest than the summons which was published in this suit. Moreover, appellant avers in his affidavit and in his proposed cross-complaint that he has been in possession of the premises in dispute for a number of years. If it be true that appellant was in possession of the premises involved in this proceeding at the time suit was begun and thereafter, respondent may not be heard to say that appellant was an unknown claimant of the premises and thereby secure service of process by publication as was done in this case under the provisions of chapter 73, Laws Utah.1927.

Upon the whole record we are constrained to hold that the appellant's motion should have been granted. The court below is directed to set aside the default and decree as to appellant and allow him to answer to the merits of the original suit. Appellant is awarded his costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.