## SWAUGER v. LAWLER.

No. 7316.   Decided September 23, 1949.   (209 P. 2d 930.)

See 49 C. J. S., Judgments, sec. 306. Amendment of pleadings, generally, see note, 135 A. L. R. 325. See, also, 41 Am. Jur. 488.

*Pugsley, Hayes & Rampton,* Salt Lake City, for appellant.

*Leonard S. Ralph,* Salt Lake City, for respondent.

WOLFE, Justice.

In January of 1947, the appellant commenced an action against the respondent in the court below to recover the

sum of $1,000, plus interest, allegedly due and owing to the appellant by virtue of a loan made to the respondent on December 3, 1945. The answer to the complaint by the respondent consisted of a general denial. On April 7, 1948, when the case was tried, the appellant appeared and testified. The respondent failed to appear and his attorney moved for a continuance of the trial of the case. The court denied the motion. Judgment as prayed for by the appellant was entered against the respondent on April 9, 1948.

On April 12, 1948, the respondent moved for a new trial upon five grounds, but no affidavits in support of the motion were filed within five days thereafter as required by statute. The court denied the motion for a new trial.

On July 8, 1948, the ninetieth day after entry of the judgment against the respondent, the latter filed a motion to open and vacate the judgment under Sec. 104-14-4, U. C. A. 1943, on the ground that the judgment was obtained against him because of his excusable neglect. The motion was granted thereby permitting a new trial.

Demand for new trial was made at once by the respondent, and on December 6, 1948, he filed an amended answer to the appellant's complaint in which he alleged that the $1,000 which was paid by the appellant to the respondent was not a loan, but was made in payment of the purchase of stock in a corporation which the appellant, the respondent, and three other persons were going to form. The case went again to trial and a judgment of no cause of action was entered in favor of the respondent. The respondent was allowed after trial to amend his answer to conform with the proof he had adduced.

Upon this appeal the appellant has raised several objections to the propriety of the court's action vacating the judgment which the appellant had obtained against the respondent. We are unable to consider any of these objections because the appellant has not served, filed and settled a bill of exceptions relating to the

proceedings whereby the judgment was vacated. The motion to vacate a judgment under 104-14-4, U. C. A. 1943, affidavits and other proceedings had in support thereof, and the rulings and orders of the court in regard thereto are not part of the judgment roll. In order for the appellant to preserve this matter for review upon appeal he must present a bill of exceptions to this court. In *Johnson* v. *Continental Casulty Co.*, 78 Utah 18, 300 P. 1032, 1033, we said:

"The application for relief under section 6619 [104-14-4, U. C. A. 1943] presents an issue which must be tried by the court as any other issue, and before any party is entitled to have a decision on such an issue reviewed on appeal it is necessary that the proceedings had thereunder be incorporated in a bill of exceptions duly authenticated by the certificate of the judge. Comp. Laws Utah 1917, § 6971; *Somers* v. *Somers*, 81 Cal. 608, 22 P. 967. The matter of granting relief under section 6619 [104-14-4, U. C. A. 1943] rests largely within the sound discretion of the court to which the application is made, and his rulings with respect thereto will not ordinarily be disturbed unless it is made apparent that the court has abused such discretion. Clearly, the party who seeks a reversal of such an order has the duty of bringing to this court a properly authenticated record by a bill of exceptions of the proceedings had before the court on that particular issue."

See *Madsen* v. *Hodson*, 69 Utah 527, 256 P. 792, and *Cornelius* v. *Mohave Oil Co.*, 66 Utah 22, 239 P. 475, which are to the same effect.

Since there is no bill of exceptions before us, the only contention made by the appellant which we can consider is that the district court erred and abused its discretion in allowing the defendant to amend his answer after the judgment in favor of the appellant had been vacated. Whether the respondent should have been allowed to amend his answer was a matter of discretion with the district court. The appellant has not pointed out how he was prejudiced by the amending, except for the fact that the amendment interposed a defense which resulted in the appellant losing the case. There was no abuse of discretion.

The judgment below is affirmed. Costs to the respondents.

PRATT, C. J., and WADE and McDONOUGH, JJ., concur.

LATIMER, Justice.

I concur.

Appellant makes two principal arguments as to why the judgment of the trial court should be reversed. The first contention is that the trial court was without jurisdiction to consider the motion to set aside the judgment for the reason that it was in effect another and second motion for new trial. The second contention is that on the motion for new trial the trial court passed on the same legal principles involved in the motion to set aside the judgment, and the ruling on the motion ·for new trial was res adjudicata as to the issues raised by the subsequent motion.

In the case of *McCullough* v. *McCullough*, 37 Utah 148, 106 P. 665, this court held that motions, petitions, affidavits, proceedings, rulings and orders on a motion to set aside a judgment are not a part of the judgment roll and for this court to properly review the question presented, it is essential to preserve all proceedings in a bill of exceptions. The prevailing opinion appears to approve that rule.

Under our present statutes, I believe some of these matters can be reviewed without a bill of exceptions. However, we need not decide that question in the present action as even were we to assume we could consider all affidavits, motions and orders, the complete record as certified to this court, including the proceedings on the motion to set aside the judgment, does not affirmatively show that the trial court was without jurisdiction to hear the motion or that the trial court's ruling on the motion to set aside the judgment passed on the same legal questions presented on the motion for new trial.