**INTERSTATE EXCAVATING, INC., Plaintiff and Respondent,**

v.

**AGLA DEVELOPMENT CORPORATION, Defendant and Appellant.**

**No. 16599.**

Supreme Court of Utah.

April 18, 1980.

Robert M. McRae of McRae & DeLand, Salt Lake City, for defendant and appellant.

E. H. Fankhauser, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Agla Development Corporation seeks reversal of the denial of its motion based on Rule 60(b), U.R.C.P.,[1] to set aside a default judgment for $46,101.70 for labor and materials furnished in construction of water and sewer systems in two subdivisions being developed by the defendant in Salt Lake County.

Plaintiff commenced this action on May 16, 1978. Defendant responded with an answer asserting defenses and a counterclaim. A pre-trial conference was held on April 16, 1979, at which defendant's counsel Robert J. Haws requested that he be allowed to withdraw, which request the court granted. The court instructed plaintiff's attorney to notify the defendant to obtain new counsel, and that the case was set for trial on May 7, 1979. Plaintiff's attorney certifies that on April 16, such a notice was mailed to the defendant addressed to its business office. The record also contains a certification by defendant's then counsel, Mr. Haws, that he mailed to the defendant a notice of the trial setting and of his withdrawal as counsel. As opposed to the foregoing stands the defendant's denial that it ever received such notices.

On the day set for trial, May 7, no one appeared on defendant's behalf; and upon the basis of evidence presented, judgment was entered for the plaintiff and defendant's counterclaim was dismissed.

In support of its motion to set aside the default judgment, defendant avers that its former counsel, Mr. Haws, withdrew from a number of cases simultaneously; and that the notice to appoint counsel may have been misplaced with numerous papers served upon the defendant's office by mail. And further, that it had no notice of the trial until it received the notice of the judgment dated May 14, whereupon it immediately

1. The rule provides that:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .. The motion shall be made . . . not more than three months after the judgment . . . was entered . . .

contacted present counsel, who proceeded with diligence to prepare the motion (he avers it was prepared within four days) and filed the motion May 31, 1979 (17 days after receiving the notice of judgment).

 It is not to be questioned that in appropriate circumstances default judgments are justified; and when they are, they are invulnerable to attack. However, they are not favored in the law, especially where a party has timely responded with challenging pleadings. When that has been done some caution should be observed to see that the party is not taken advantage of. Speaking generally about such problems, it is to be kept in mind that access to the courts for the protection of rights and the settlement of disputes is one of the most important factors in the maintenance of a peaceable and well-ordered society.[2] This of course must be done in obedience to rules; and it is to be conceded that there is a possibility that the defendant was less than diligent in attending to its interest in this lawsuit. But no evidence was taken, nor did the court make any findings other than the order denying defendant's motion.

This is admittedly a perplexing case. From the standpoint of the plaintiff and its counsel, they appear to have proceeded without any impropriety, including appearing on the trial date and presenting their case. Defendant counters with the averments that it received no such notice. Supportive of the defendant's position, are the facts that the justification for its default rests upon the assertion of service of notice by ordinary mail; and that immediately upon learning of the judgment, it proceeded diligently with efforts to set it aside and contest the issues on the merits.

 The uniformally acknowledged policy of the law is to accord litigants the opportunity for a hearing on the merits, where that can be done without serious injustice to the other party.[3] To that end, the courts are generally indulgent toward the setting aside of default judgments where there is a reasonable justification or excuse for the defendant's failure to appear, and where timely application is made to set it aside.[4] Consistent with the objective just stated, where there is doubt about whether a default should be set aside, the doubt should be resolved in favor of doing so, to the end that each party may have an opportunity to present his side of the controversy and that there be a resolution in accordance with law and justice.[5]

 Application of the principles discussed herein to the instant situation leads us to the conclusion that the interests of justice will best be served by setting aside the default judgment and giving the parties that opportunity. In that connection, we call attention to the prefatory clause of Rule 60(b) that "upon such terms as are just" a party may be relieved from a judgment. This authorizes the trial court to impose such terms as may be just as a condition to setting aside the default.

The default judgment is vacated and the case remanded for further proceedings. No costs awarded.

MAUGHAN and STEWART, JJ., concur.

HALL, Justice (dissenting):

I respectfully dissent.

In denying defendant's motion to vacate judgment, the trial court was applying a specific statutory standard: "On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . ."[1] It is not to be questioned that the policy of the law favors the granting of

---

2. Sec. 11, Art. I, Utah Constitution.

3. *Locke v. Peterson*, 3 Utah 2d 415, 285 P.2d 1111 (1955).

4. See *Mayhew v. Standard Gilsonite Company*, 14 Utah 2d 52, 376 P.2d 951 (1962).

5. See *Cutler v. Haycock*, 32 Utah 354, 90 P. 897 (1907); *Locke v. Peterson*, footnote 3 above.

1. Rule 60(b)(1), Utah Rules of Civil Procedure.

such relief in the case of a default judgment[2] and that the remedy should be liberally administered in order to grant the defaulting party his day in court.[3] It is likewise beyond dispute, however, that such judicial policy remains coexistent with the broad latitude of discretion accorded the trial court in ruling upon such motions.[4] Indeed, the implementation of the policy is a matter which this Court has specifically committed to the trial court as follows:

> The trial court is endowed with considerable latitude of discretion in granting or denying a motion to relieve a party from a final judgment under Rule 60(b)(1), Utah Rules of Civil Procedure, and this court will reverse the trial court only where an abuse of this discretion is clearly established . . . [t]he rule that the courts will incline toward granting relief to a party, who has not had the opportunity to present his case, is ordinarily applied at the trial court level, and this court will not reverse the determination of the trial court merely because the motion could have been granted. For this court to overturn the discretion of the lower court in refusing to vacate a valid judgment, the requirements of public policy demand more than a mere statement that a person did not have his day in court when full opportunity for fair hearing was afforded him or his legal representative.[5]

Such trial court discretion has, in fact, been given the widest berth by reviewing courts in the area of motions to vacate judgment which are based on allegations of mistake, inadvertence, and excusable neglect.[6] As such, a determination at the trial level that a given course of conduct did or did not constitute such "mistake, inadvertence, or excusable neglect" as should justify relief of a default judgment will hence be disturbed on appeal only in the presence of a manifest abuse of discretion.[7]

This Court has previously stated that neglect, to be excusable, must occur despite the exercise of due diligence.[8] Other jurisdictions have defined excusable neglect as "such as might have been the act of a reasonably prudent person under the same circumstances."[9] It has also been held that simple carelessness does not rise to the statutory standard,[10] nor do simple business difficulties which allegedly prevent the dedication of adequate attention to the litigation in question.[11] Moreover, this Court has held that the failure of a party to appear in court, allegedly occasioned by failure of notice due to withdrawal of counsel, does not constitute such "excusable neglect" as to justify relief from judgment where the evidence was that ample notices of the procedures were mailed, and the defaulting party was well aware of the withdrawal of counsel in advance of the proceedings from which he was absent.[12]

2. *Westinghouse Elec. Supply Co. v. Paul W. Larson Contractor, Inc.*, Utah, 544 P.2d 876 (1975).

3. *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741 (1953); *Board of Educ. of Granite School Dist. v. Cox*, 14 Utah 2d 385, 384 P.2d 806 (1963); *Cutler v. Haycock*, 32 Utah 354, 90 P. 897 (1907).

4. *Warren v. Dixon Ranch Co.*, supra, footnote 3; *Mayhew v. Standard Gilsonite Co.*, 14 Utah 2d 52, 376 P.2d 951 (1962).

5. *Airkem Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 513 P.2d 429 (1973).

6. *Board of Educ. of Granite School Dist. v. Cox*, supra, footnote 3; *Mayhew v. Standard Gilsonite Co.*, supra, footnote 4; *Swauger v. Lawler*, 116 Utah 347, 209 P.2d 930 (1949); see also

*Manhattan-Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183 (2nd Cir. 1974).

7. *Heath v. Mower*, Utah, 597 P.2d 855 (1979).

8. *Airkem Intermountain, Inc. v. Parker*, supra, footnote 5.

9. *Kromm v. Kromm*, 84 Cal.App.2d 523, 191 P.2d 115 (1948); see also *Elms v. Elms*, 72 Cal.App.2d 508, 164 P.2d 936 (1946).

10. *Doyle v. Rice Ranch Oil Co.*, 28 Cal.App.2d 18, 81 P.2d 980 (1938).

11. *Usery v. Weiner Bros., Inc.*, 70 F.R.D. 615 (D.C.1976).

12. *Heath v. Mower*, supra, footnote 7.

It is to be noted that, in the present case, defendant bases his claim for relief from judgment on the allegation that he did not receive notice of the trial date. It is defendant's assertion that this lack of notice was occasioned by the withdrawal of defendant's counsel. The majority opinion makes no reference to the fact that this "withdrawal" was occasioned by defendant's personal dismissal of counsel due to intractable differences. Such being the case, defendant can hardly claim to have been unaware that it was without legal counsel, and that some further action would be necessary in order adequately to protect its interests in the pending lawsuit. Furthermore defendant does not deny receiving the mailed notices. In its motion to vacate judgment, defendant alleged that "notice to appoint counsel was misplaced with numerous pleadings served upon defendant's office by mail." It is thereby implicitly admitted that the mailed notice did reach defendant's offices. The trial court unquestionably took such facts into consideration in arriving at its decision to deny the motion to vacate judgment. I cannot agree that, given such circumstances, this Court may properly usurp the lower court's disposition of the present matter, and rule that, as a matter of law, defendant's conduct constituted "excusable neglect." To do so deprives the trial court of its discretionary function.

I would affirm the decision of the trial court denying defendant's motion to vacate judgment.

WILKINS, J., concurs in the dissent of HALL, J.